## SCHOOL DIRECTORS OF DISTRICT No. 13, ETC.

### *v.*

## THE PEOPLE *ex rel.* Clark Roberts *et al.*

79    511
196   ¹318

1. OATH OF OFFICE—*inferior officer, when exempted from taking.* Where, by the law, there appears a manifestation of the intention of the legislature, that an inferior officer shall not be required to take an oath of office, there is a sufficient exemption from taking such oath, within the intent of the constitutional provision on that subject.

2. TOWNSHIP TREASURERS—*are inferior officers, and not required to take an oath of office.* Township treasurers are inferior officers, who may be exempted by the legislature from taking the oath of office required by section 25 of article 5 of the constitution, and they have been so exempted, by the legislature not requiring such oath, in prescribing the prerequisites to their right to perform their official duties.

3. SAME—*are the lawful custodians of district school funds.* Township treasurers are, by statute, the only lawful depositaries and custodians of

all district school funds, and they are the proper persons to make demand for such funds of any one unlawfully holding the same.

4. Hence, where a petition for a *mandamus* to compel the school directors to pay over certain moneys, belonging to the school district, to the township treasurer, alleged a demand by the township treasurer, and by the trustees of schools, and the answer only denied the demand by the trustees, a demurrer to the answer was properly sustained.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Mr. DAVID S. PRIDE, for the appellants.

Mr. FRANK J. CRAWFORD, for the appellees.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a petition for a *mandamus,* on the part of the trustees of schools of T. 40, R. 13 E., in Cook county, to compel the appellants, the school directors of district 13, in the same township, to pay over to William C. Hazelton, the township treasurer of the township, the sum of $13,750, which the board of school directors had borrowed and received by the issuing and sale of bonds of the district, authorized by a vote of the people under section 47 of the general school law.

The answer of the school directors admits the borrowing and receiving by them of the money, as alleged in the petition, but denies the right of the relators to require the same to be paid to the township treasurer, setting up as a defense to the proceeding:

*First,* that the township treasurer had failed to qualify in this, "the said Hazelton did not take and subscribe the oath of office required of him by law to be taken and subscribed before entering upon the duties of the office of treasurer of said township;" and,

*Second,* a denial that the board of trustees had made the demand for the payment of the money, as alleged in the petition.

A demurrer was sustained to the answer, and the defendants refusing to answer further, judgment was entered on the demurrer, and a peremptory writ of *mandamus* awarded, from which the board of directors took this appeal.

It is claimed that the court erred in sustaining the demurrer.

The statute does not, in terms, require of school trustees, treasurers, or directors, the taking of an oath of office.

It is urged that the constitution of 1870 requires such oath to be taken by township treasurers, they being nowhere, by law, exempted therefrom, and reference is made to section 25 of article 5, of the constitution. That section provides that all civil officers, except members of the General Assembly, and such inferior officers as may be by law exempted, shall, before they enter on the duties of their respective offices, take and subscribe the oath of office therein prescribed ; and further provides, that no other oath, declaration or test shall be required as a qualification.

The oath of members of the General Assembly is prescribed in another section.

It certainly has not been understood by the legislative department that this constitutional provision is self-executing, as express provisions of law have been enacted, prescribing with particularity every essential step to be taken by each person elected or appointed to an office, the mode of election or appointment, the giving of bonds, the manner, time, etc., of taking the oath of office (where such oath is required), in order to become qualified to perform the duties of the office. If it were supposed that this constitutional provision was self-enforcing, all the numerous laws requiring the taking of official oaths would be supererogatory. But the section of the constitution referred to expressly leaves it in the discretion of the legislature to exempt "inferior officers" from taking the prescribed oath of office. The township treasurer is appointed by the board of trustees of schools, and falls within the designation of "inferior officers." As the legis-

lature, in prescribing the prerequisites to the right to perform his official duties, has required only that the township treasurer shall be a resident of the township, and neither a trustee nor a director, and be appointed by the trustees, and give an official bond in a sufficient amount to cover all liabilities. it is not unreasonable to infer the legislative intention that he should not take an oath of office; as, in the very many cases where the legislature have intended an oath of office to be taken, they have so directed, prescribing the particulars in regard thereto as to manner, time, etc. Not requiring an oath of office to be taken, is the dispensing with it by the legislature in this case. Where, by the law, there appears a manifestation of the intention of the legislature that an inferior officer should not be required to take an oath of office, there is, in our opinion, a sufficient exemption by law from taking the oath of office, within the intent of the constitutional provision.

We are of opinion the treasurer was not required to take an oath of office.

As to the demand for the payment of the money, the petition expressly alleges that such demand was made by the township treasurer on the 13th day of March, 1875. We regard this a sufficient demand. Section 62 of the School Law declares that " the township treasurer shall demand. receive, and safely keep according to law, all moneys, books and papers of every description, belonging to his township."

It is answered that this provision applies only to moneys belonging to the township; that the money in question belonged exclusively to the school district. But the place for its moneys is in the township treasury. The township treasurer is, by statute, the only lawful depositary and custodian of all district school funds, and they are only to be paid out upon the order of the school directors drawn upon the township treasurer.

The petition alleges that the board of trustees of schools and the township treasurer, respectively, at different times,

made separate demands for the payment over to the township treasurer of the money. The answer only denies the demand by the board of trustees.

We regard the answer as insufficient, and are of opinion the demurrer thereto was rightly sustained.

The judgment will be affirmed.

*Judgment affirmed.*