CALEB NOBLE *et al.*

*v.*

SCHOOL DIRECTORS, etc.

*Filed at Springfield May 14, 1886.*

1. SCHOOL DIRECTORS—*duty to defend suits and protect the interests of district.* Persons accepting the position of school directors should not allow their private interest to conflict with public duty; and equity and good faith will require them to defend suits against the district, and protect its property, to the best of their skill and ability, regardless of any private interest they may have.

2. IMPEACHING DECREE FOR FRAUD—*neglect of public officers to defend suit, where they were personally interested.* Persons were elected school directors of a school district pending a bill by two of them against the

district, seeking to divest the district of property purchased by it, and they discharged the solicitors employed by their predecessors to defend, and interposed no defence whatever, but allowed a decree to pass in their favor against the district by default. It was *held,* that as the decree was obtained by breach of official trust, it should not be binding on the district, and would be set aside on a bill by the district, as being obtained by fraud and breach of duty, and a defence allowed.

3. SAME—*neglect to make defence, as a bar to relief—exception to the rule in respect to public officers.* The rule that denies a party equitable relief against a judgment or decree when he has been guilty of negligence in making a defence, does not apply to the case of public officers, who, for their own private ends, and with selfish motives, allow a judgment or decree to pass against the interests of the public they should represent, for the reason that the public can defend only by and through its proper representatives.

APPEAL from the Appellate Court for the Third District;— heard in that court on appeal from the Circuit Court of Jersey county; the Hon. GEORGE W. HERDMAN, Judge, presiding.

Mr. GEORGE E. WARREN, and Mr. W. H. POGUE, for the appellants.

Mr. O. B. HAMILTON, for the appellees.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a bill brought by school directors of district No. 8, township 7, in Jersey county, against Thomas J. Terry, Caleb Noble, and others, to set aside a decree which had been rendered in the circuit court of Jersey county, at a special term of said court, held in January, 1882, on the ground that the decree was obtained by fraud. The decree sought to be impeached was rendered in the case of *Thomas J. Terry et al.* v. *A. M. Slaten et al.,* which had been commenced on the 19th day of December, 1876, the defendants being the directors of school district No. 8. The object of the bill, as originally filed, was to enjoin the issuing of $10,000 of bonds of school district No. 8, to purchase certain property known as the "Hamilton Primary School." It turned out, however, that the bonds had been issued before the filing of the bill and the

service of the injunction. After the commencement of the suit, the district employed Snedecker & Hamilton as its attorneys, and they obtained a dissolution of the injunction. After the injunction was dissolved the complainants amended their bill, and in the amended bill they set up that the bonds had been issued before the filing of the bill, and that the said property had been purchased with the bonds. They therefore prayed that the bonds be decreed to be surrendered, and the property reconveyed to the "Hamilton Primary School."

When the bill, which resulted in the decree complained of, was filed, in 1876, Slaten, Cadwallader and Curtis were the three directors of the district. In April, 1879, Thomas J. Terry, one of the complainants in the suit against the district, and, indeed, the leading spirit in the prosecution of the case, was elected a director in the district. A short time after his election, J. C. Noble was also elected a director. In April, 1880, Lehm Kuhl was elected a director in the place of Slaten, who was acting when the bill was first filed. Thus the three members of the board were changed. On the 11th day of September, 1879, director Terry presented a resolution to the board, which was adopted, and read as follows: "That the bonds heretofore issued by a former board of directors, for the sum of $10,000, be hereby declared void, and the Messrs. Warren & Pogue be employed as the attorneys of this district in all suits, and all attorneys heretofore employed are hereby discharged, and that the said firm of Warren & Pogue be instructed to institute proceedings to obtain a reconveyance of the school property for which said bonds were given." It will be observed that Warren & Pogue were the solicitors of Terry *et al.*, who brought the bill against the district. After the adoption of the above resolution the district was without attorneys, and it may also be said that the complainants in the bill had assumed the position of prosecutors and defenders of the subject matter of the litigation in which the district was interested. After the adoption

of the resolution, and on the 19th day of May, 1881, the cause came on for a hearing, when a default and a decree *pro confesso* were taken against the school directors of district No. 8, and subsequently a final decree was rendered, as heretofore stated.

Although under the resolution adopted by the board, which discharged the attorneys who had previously acted for the board, and employed Warren & Pogue, the solicitors of the complainants, as the future attorneys of the board, it might be inferred that Warren & Pogue acted in a double capacity. Yet such is not the case. The evidence shows that they refused to act for the board in the then pending case, and so far as they are concerned, no unprofessional conduct can be attributed to them. But the same can not be said in regard to the conduct of the directors of the district, or at least a majority of them. When they were elected directors of the district they assumed a public trust. They had the charge of the funds and property of the district, in trust for the people of the district, and as such they are to be held to a strict account. They had no right to allow private interest to conflict, or in any manner interfere, with their public duties. When these directors came into office they found a suit pending against the district to take from it valuable property, which had been purchased and paid for in the bonds of the district. Now, what was the plain duty of these directors,—men elected by the people to protect and preserve their property? Were they authorized to discharge attorneys who had been employed to defend the district, and allow a default to be taken against the district? Were they authorized to allow a suit in their own behalf to be prosecuted to a final decree against the district, without interposing any defence whatever? This would not be right or just. It was a fraud upon the rights of the people of the district for the directors to allow a decree to be entered against the district without interposing any defence, and no one of the board of directors should be allowed

3—117 ILL.

to profit by a fraudulent act. When they assumed the position of directors, they had no right to allow private interest to conflict with public duty. Equity and good faith required them to defend and protect the property of the district to the best of their skill and ability, regardless of any and all private interest which they might have, and when they failed to do this, they proved recreant to their trust, and their acts can not be upheld in a court of equity. The people of the district could only act through their board of directors. They were, therefore, in this instance, powerless, and it might, in many cases, defeat the ends of justice to hold that the people of a district should be bound and concluded by a decree where a board of directors have disregarded their trust, and allowed a judgment to be entered against the district, as was done here, interposing no defence whatever. We think the only conclusion to be reached, from all the evidence, is, that the president of the board of directors, in his own interest, and entirely ignoring and disregarding the interest of the district, allowed the decree to be rendered, and we think it is a case where a court of equity may properly interpose and set aside the decree, and allow the district to defend.

It is true, as suggested by counsel, that a defendant who has been negligent, and allowed a judgment to be rendered against him through his *laches*, can not come into court and obtain relief as against his own negligent acts. But the principle which precludes a negligent party from obtaining relief, has no application to a case of this character. Here, officers intrusted with the rights of the public have disregarded their trust, and, as is claimed, suffered the district to be defeated in their own private interest.

We think the decree of the circuit court was correct. The decision of the Appellate Court will therefore be affirmed.

*Decree affirmed.*