THE PEOPLE *ex rel.* Bert Johnson *et al.* Defendants in Error, *vs.* A. E. ANDERSON *et al.* Plaintiffs in Error.

*Opinion filed April 20, 1927.*

1. QUO WARRANTO—*what must be alleged in plea of justification.* A plea of justification to an information in *quo warranto* must allege the existence or performance of all conditions precedent to the defendant's right to exercise the privilege of office, and it must also show that his right to hold such office continues to the time of filing the information.

2. SAME—*when question cannot be raised on review.* On review of a judgment of ouster defendants to an information cannot question the validity of the election of the relators to the office the defendants are charged with usurping, where they failed to make the charge in their plea of justification that the election was void and where they have made no assignment of error to the effect that the election was void for the reasons urged in their briefs.

3. SCHOOLS—*school board members-elect not required to take constitutional oath.* The provisions of the School law indicate a legislative intention that members-elect of a school board, and inferior school officers, shall not be required to take the constitutional oath required of all civil officers, and a newly elected community high school board is qualified when it meets and organizes as provided in section 89*a* of the Community High School District act of 1919, or in section 89*f* of the act as amended in 1923.

4. SAME—*when members of school board are not disqualified by taking action against district prior to their election.*  The mere facts that one member-elect of a school board prior to his election served notice on the district that he would institute a suit against it and that another member-elect brought an action to enjoin the erection of a school building do not disqualify such members-elect from holding office as members of the board, where there is no showing of fraud against the district or that the proceedings, which were later dismissed, were antagonistic to the interests or welfare of the district.

5. ELECTIONS—*section 128 of Election act does not apply to inferior school officers.*  Section 128 of the Election act, providing that every elective office shall become vacant on the refusal or neglect of the incumbent to take his oath of office and file his bond within the time required by law, applies only to those officers whose election is provided for in previous sections of the act and who are required to take oath and give bond, and it does not apply to members-elect of a school board or to inferior school officers.

6. PLEADING—*demurrers admit only facts well pleaded.*  Demurrers admit only the facts in the pleas that are well pleaded, and not facts that are not pleaded or that are inconsistent with those pleaded.

WRIT OF ERROR to the Circuit Court of Henry county; the Hon. WILLIAM T. CHURCH, Judge, presiding.

T. W. HOOPES, and ANDREWS & O'CONNOR, for plaintiffs in error.

STURTZ & EWAN, for defendants in error.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

The State's attorney of Henry county, upon the relation of Bert Johnson, Henry L. Anderson, William Vinstrand, Albert Lindbeck and Almond Johnson, citizens, residents and tax-payers of Community High School District No. 195, in said county, was granted leave to file in the circuit court of that county an information in the nature of *quo warranto* against A. E. Anderson and Phillip Brodd, plaintiffs in error, charging that since April 20, 1925, they have unlawfully held and executed, and still do so hold and

325—30

execute, without any right or lawful authority, the offices of members of the board of education of said high school district, to the damage and prejudice of the People. On May 21, 1925, plaintiffs in error appeared in court and each of them filed two pleas, in which were presented substantially the same facts as matters of justification for the alleged unlawful usurpation of the functions of members of the board of education. Defendants in error on July 22, 1925, filed general demurrers to the pleas, which were by the court sustained. The pleas were then amended, and the demurrers to the amended pleas were sustained by the court, and, plaintiffs in error having elected to abide by their pleas as amended, the court entered a judgment of ouster against each of them and that each of them pay a fine of one dollar for unlawfully usurping the functions of a member of the board of education and that they pay the costs of the suit. The record is brought to this court for review by writ of error.

The principal contention of plaintiffs in error in this case is, that the statutes of this State and the constitution require a member of a board of education to take and subscribe an oath of office within ten days after his election, and that a failure so to do creates a vacancy in the office to which he was elected, which may be legally filled by the board by appointment. They therefore alleged in their pleas of justification, in substance, these facts: At the regular election for members of the board of education duly called and held in the district on April 8, 1922, they were elected members of the board. On April 14, 1922, each of them took and subscribed the oath of office prescribed by the statute and the constitution. Each of them at the time of his election possessed all of the legal qualifications requisite to his holding the office. An election was duly called and held on April 11, 1925, to elect members of the board to succeed them. Albert Lindbeck was a candidate at that election against plaintiff in error Anderson

and received 195 more votes than Anderson. Almond
Johnson was also a candidate at that election against plain-
tiff in error Brodd and received 100 more votes than Brodd.
Both Lindbeck and Johnson after the election failed to take
and subscribe the oath of office within the time required by
law, but, on the contrary, took and subscribed a pretended
oath on May 21, 1925, long after the time fixed by law.
Subsequent to April 21, 1925, the board of education held
a meeting called by the president and declared the offices of
Anderson and Brodd vacant and appointed them to fill the
vacancies caused by the failure of Lindbeck and Johnson to
qualify by taking the oath of office within the time required
by law. Each of the plaintiffs in error on the day of his
appointment took and subscribed the oath of office and then
possessed all the legal requirements requisite to his holding
the office he is charged with usurping.

Section 25 of article 5 of the constitution provides that
all civil officers, except members of the General Assembly
and such inferior officers as may be by law exempted, shall,
before they enter on the duties of their respective offices,
take and subscribe this oath or affirmation: "I do solemnly
swear (or affirm, as the case may be,) that I will support
the constitution of the United States, and the constitution.
of the State of Illinois, and that I will faithfully discharge
the duties of the office of .......... according to the best
of my ability."

It is the contention of plaintiffs in error that the failure
of Lindbeck and Johnson to take and subscribe the consti-
tutional oath within ten days after their election caused va-
cancies in the offices to which they were elected and that the
remaining members of the board had the right and power
to fill the vacancies by appointment. Paragraph 288 of
the School law does provide that all school officers elected
in pursuance of any general law shall hold their offices un-
til their successors are elected and qualified under the pro-
visions of the School law. We are clearly of the opinion,

however, that by their pleas of justification plaintiffs in error have not shown that Lindbeck and Johnson failed to take the necessary steps to qualify as members of the board of education after they were elected. A plea of justification to an information in *quo warranto* must allege the existence or performance of all conditions precedent to the defendant's right to exercise the privilege of office, and it must also show that his right to hold such office continues to the time of filing the information. (*People* v. *Jacobs,* 312 Ill. 581; *People* v. *Central Union Telephone Co.* 232 id. 260.) They have not shown by their pleas that Lindbeck and Johnson failed to qualify as members of the board. Lindbeck and Johnson were not required by the constitution or by any statute to take and subscribe an oath to qualify as members of the board. They were inferior school officers elect within the meaning of the section of the constitution aforesaid, and by the express provisions of that section they may be exempted by law from taking the oath. Sections 2 and 6 of the School law only require two school officers in the State to take and subscribe that oath or any other oath before entering upon the duties of their offices. These officers are the Superintendent of Public Instruction and the county superintendent of schools. There are no such requirements of school directors, school trustees, school treasurers, members of boards of education of high school districts, or any other inferior school officers. School directors, by the provisions of section 110 of the School law, shall within ten days after the annual election meet and organize by appointing one of their number president and another member clerk, and the clerk shall at once report to the proper treasurer or treasurers the names of the president and clerk so appointed. No other act is necessary to qualify them as a board of directors or as members of such a board. By section 89a of the Community High School District act, approved June 28, 1919, the members of such high school boards shall, within ten days after their

election, meet and organize by electing one of their number president and another member secretary, and at the first meeting shall determine by lot the time each member shall serve, and their successors shall be elected on the second Saturday in April, annually, for three years. In case of vacancies the remaining members shall appoint successors for the unexpired terms. That act was amended in 1923, and section 89*f* of the amended act has substantially the same provisions with reference to meeting and organizing and qualifying as members of the board and as to filling vacancies. There is no provision in either act requiring the taking or subscribing of an oath as a requisite to qualifying as a member of the board. Moreover, the School law specifies the duties of inferior school officers and how they shall qualify, and none of them are required to subscribe and take an oath. Those provisions of the School law make it manifest that it was the intention of the legislature that inferior school officers shall not be required to take and subscribe an oath of office previous to their entering upon the duties of their office and are exempt from taking such an oath. *School Directors* v. *People,* 79 Ill. 511.

There is no statute in this State that requires inferior school officers to take and subscribe an oath before entering upon the duties of their office. It is contended by plaintiffs in error that section 128 of our statute on elections applies to such school officers. That section provides that every elective office shall become vacant on the refusal or neglect of the incumbent to take his oath of office, or to give or renew his official bond, or to deposit or file such bond, or both, within the time prescribed by law. We think it is quite clear from the provisions of that statute that section 128 only applies to those officers whose election is provided for in previous sections of the act and who are by other express provisions required to take and subscribe an oath of office or to give or renew their official bond, or

both. Those officers include all State and county officers, judges and clerks of courts and members of the General Assembly. In fact, the statute specifies the manner in which every officer in the State is to qualify, and the fact that nearly all of them are specifically required to take an oath of office while some inferior school officers and other inferior officers are not required to do so argues very strongly for the proposition that such inferior officers are exempt from such requirement and were intended by the legislature to be so exempt.

Plaintiffs in error further alleged in their pleas of justification the following facts which they claim disqualify both Lindbeck and Johnson from holding the offices of members of the board of education, to-wit: Prior to his election Lindbeck served notice on the contractors then engaged in the construction of the school building for the district under a contract with the district, that he would institute a suit to enjoin the erection of the building and would resist its erection by the board of education, and that he did not withdraw that notice and has never withdrawn it. Almond Johnson, prior to his election, was one of the complainants in a bill then pending in the circuit court wherein the members of the board of education of the district and the district were defendants, in which bill there was a prayer that the defendants be enjoined from building a school building for the district, and that the bill was pending until June 1, 1925, when it was dismissed by the complainants.

It is very apparent, we think, that the facts set forth in these pleas did not disqualify either Lindbeck or Johnson from holding the office to which he was elected. The facts set forth are not sufficient to show the merits of the litigation, and it certainly cannot be contended that the mere fact that Lindbeck had served notice that he would institute a suit, or the mere fact that Johnson had brought a suit against the district, which was later dismissed, would dis-

qualify them from holding the offices to which they were elected. So far as these pleas show, the suit may have been beneficial to the district and one that should have been prosecuted to prevent a fraud being perpetrated against it. No facts were alleged showing that any fraud against the district was contemplated by either Lindbeck or Johnson, or that either of them had any personal interest in the suit antagonistic to the interests or welfare of the district.

The case of *Noble* v. *School Directors*, 117 Ill. 30, cited by plaintiffs in error, is for the foregoing reasons inapplicable to the meagre facts disclosed by the pleas and can not be held as an authority showing the disqualification of either Lindbeck or Johnson.

It is also contended that the election of Lindbeck and Johnson was void because it was held on the second Saturday of April, 1925, and not on the third Saturday of April, 1925, as is provided by the amended act of 1923. Plaintiffs in error are not entitled to make that contention on this record for two reasons: First, by their pleas they failed to make the charge that the election was void on that ground. Their averments in that particular are, in substance, that at an election duly called and held on April 11, 1925, Lindbeck and Johnson were elected, etc. The demurrers only admit facts in the pleas that are well pleaded, and not facts that are not pleaded or that are inconsistent with those pleaded. In the second place, there is no assignment of error to the effect that the election was void for the reasons aforesaid. Errors not assigned are waived.

The court properly sustained the demurrers to all the pleas of plaintiffs in error, and the judgment of the circuit court is affirmed.              *Judgment affirmed.*