JONES CLARK, Plaintiff in Error, *v.* THE PEOPLE, *ex relatione* SAMUEL L. CRANE, Defendants in Error.

#### ERROR TO PIKE.

A county court or board of supervisors can only remove a county treasurer for one of the causes specified in the statute; they do not possess general powers of removal.

In the proceeding by information in the nature of a *quo warranto*, the defendant must either disclaim or justify; if he justifies, he must set out his title particularly, showing by what warrant he exercises the functions of the office. General allegations are insufficient.

It is no answer to an information, to state that the relator is not entitled to the office; the defendant must allow that he is rightfully in office.

It is error to render final judgment without disposing of demurrers filed to the pleadings in a case.

THIS cause was heard before WOODSON, Judge, at March term, 1852, of the Pike Circuit Court.

R. S. BLACKWELL and M. HAY, for plaintiff in error.

C. L. HIGBEE and G. EDWARDS, for defendants in error.

TREAT, C. J. This was an information in the nature of a *quo warranto*, filed on the relation of Crane against Clark, at the March term, 1851, of the Pike circuit court. The information alleged in substance, that at the December term, 1849, of the Pike county court, the relator was appointed treasurer of the county, to fill a vacancy occasioned by the death of the incumbent; that he thereupon gave the requisite bond, took the prescribed oath, and entered upon the duties of the office; that he continued to discharge the duties until the 12th of September, 1850, when the defendant intruded into and usurped the office, and from thenceforth exercised the powers and duties pertaining thereto.

During the same term, the defendant filed two pleas, to which there was a demurrer. The pleas were not numbered. This order was made on the 16th of October, 1851: " This day came the parties, and the demurrer filed to the defendant's pleas was argued and taken under advisement." On the 18th of October, 1851, an order was entered in these words: " This day came the parties by their attorneys, and leave is given defendant to file additional pleas, and this cause is continued." The defendant then filed three pleas, numbered 1, 2, and 3.

The first of these pleas, after alleging the adoption of township organization and the election of township officers, in pursuance of the act of the 12th of February, 1849, proceeded as follows: " That on the 8th of April, 1850, the said supervisors met at Pittsfield, the county seat of said county, and organized as a board for the transaction of county business, by which the county court was entirely superseded as a board for the transaction of county business, and the business of the county devolved upon said board of supervisors; and said defendant further avers, that said act provides that said treasurer should collect the delinquent and non-resident taxes, and that he should enter into bond, with two or more sureties, to be approved by the said board of supervisors, in such sum as they should direct; conditioned that he should faithfully execute the duties of his office, and pay according to law, all moneys that should come to his hands, and render a true and just account to the board of supervisors and auditor of public accounts when required, and that said Crane neglected and refused to give such bond; and said defendant further avers, that said Crane refused to countersign the orders passed by said board, or to settle with said board, or to recognize any of their acts as lawful; and said defendant avers, that on the 12th day of May, 1850, for various reasons in the order and resolutions set forth, said board passed an order removing the said Crane from the office of treasurer, and declar-

ing said office vacant; and that the office being so vacant, the said board of supervisors did, on the day and year aforesaid, appoint the said defendant treasurer of said county of Pike, and that the said defendant then and there took the oath of office, and entered into bond as required by law; and that the said defendant exercised said office by virtue of said appointment, and that he did not intrude himself into the same, and this he is ready to verify; wherefore he prays judgment."

The second plea alleged "that on the 12th day of May, 1850, the office of county treasurer of the county of Pike, and State of Illinois, was vacant, and the board of supervisors of said county afterwards, to wit, on the day and year aforesaid, filled the vacancy by the appointment of the defendant to fill said office; and the said defendant afterwards, to wit, on the day and year aforesaid, filed his bond and took the oath of office according to law, and thereupon exercised and discharged the duties of county treasurer."

The third plea alleged "that said Crane was not, on said 12th day of May, 1850, county treasurer of said county of Pike, and State of Illinois; but that the said defendant was county treasurer for said county, duly appointed and qualified, and as such, lawfully discharged the duties of said office."

A demurrer was filed to three pleas on the 18th of March, 1852. On the 22d of the same month, an order was entered in these words: " This day came the parties by their attorneys, and the demurrer filed, at a former day of this term, to pleas numbers 1, 2, and 3; it is ordered by the court that said demurrer be sustained." And on the next day, an order was made as follows: " This day came again the plaintiffs and the said defendant, and this cause coming on for hearing on demurrer to defendant's pleas, numbers 1, 2, and 3, and the court having heard the arguments of counsel, and being fully advised in the premises, it is considered and adjudged by the court, that said demurrer be sustained. It is therefore adjudged by the court, that the respondent, Jones Clark, did, on the 12th day of September, 1850, unlawfully intrude into, usurp, and exercise the office of treasurer of the said county of Pike, and State of Illinois, and illegally exercised the functions and received the emoluments of said office, from the said 12th day of September, until the first Monday of December, 1851; and that during all that time the said relator, Samuel L. Crane, had right and title to said office of treasurer, and lawful authority to exercise the functions and receive the emoluments thereof. But inasmuch as it appears to the court, that the right of the said relator to said office hath expired by efflux of time, no judgment of

ouster or restoration is necessary." It was further ordered that the defendant pay the costs of the proceeding.

The statute provides, that "the county commissioners' court of each and every county in this State, shall at their June and December terms in each year, settle with their county treasurer, and count the funds then in the treasury of their county;" and "should the treasurer, at any such settlement, prove a defaulter, and be actually in arrears with the county, the county commissioners shall immediately dismiss him from office." The county commissioners' court of any county in this State, may at any time call, through their clerk, upon the treasurer of their county for a settlement, and should said treasurer neglect or refuse to appear and make settlement as notified to do, said commissioners shall declare his office vacant." "Should the county commissioners' court of any county in this State be of the opinion, that the treasurer of their county has at any time used the funds of said county when current, and replaced the same in depreciated funds, they shall have the power to examine said treasurer under oath as touching said transaction; and if it shall appear that he has parted with any current funds belonging to the county, and replaced the same with funds less valuable, they shall immediately dismiss him from office." "Should any county treasurer be dismissed from office pursuant to the provisions of this chapter, it shall be the duty of the county commissioners' court to appoint some suitable person to fill the vacancy so occasioned." R. S. ch. 28, §§ 11, 12, 15, 16, and 17. "If any officer of a county shall remove from, and permanently reside out of the same, his office shall be deemed vacant, and such vacancy shall be filled as in other cases." R. S. ch. 77, § 9. "A refusal or neglect of the treasurer to qualify and act as assessor, shall vacate his office as treasurer, and the county commissioners' court shall thereupon appoint some suitable person to fill such vacancy. The treasurer shall keep his office at the county seat, and his neglect to do so shall vacate his office." R. S. ch. 89, § 13. It is made the duty of the county commissioners' court semiannually to inquire into the sufficiency of the treasurer's bond, and if found to be insufficient, to require him to execute another bond; and on the failure of the treasurer to give such bond, the county may declare the office vacant, and fill the vacancy as if it was caused by death or resignation. R. S. ch. 78, §§ 2 and 6.

These are the only provisions of the statute, that authorize a county court to dismiss a treasurer from office. As that officer is elected by the people, the court does not possess the general power of removal. It can only remove for one of the causes

specified in the statute. It cannot appoint to the office, except in the case of a vacancy. And a vacancy can only happen in the way indicated, or by the death or resignation of the incumbent. In this respect, no greater power is conferred on the board of supervisors, than is vested in the county court. See Laws of 1849, p. 202, art. 16, § 4; and p. 204, art. 17.

The first plea is clearly defective. It fails to show that the relator was legally dismissed from the office of treasurer. It alleges that he was removed for various reasons stated in an order of the board of supervisors, but the order itself is not set forth. The reasons ought to appear at large in the plea, so that the court might determine whether the removal was for one of the causes specified in the statute. A dismissal for any other cause would not create a vacancy in the office, nor justify the board of supervisors in appointing the defendant. He could have no right to the office, unless the relator was properly removed therefrom. In the proceeding by information in the nature of a *quo warranto*, the defendant must either disclaim or justify. If he disclaims, the people are at once entitled to judgment. If he justifies, he must set out his title specially. It is not enough to allege generally that he was duly elected or appointed to the office; but he must state particularly how he was elected or appointed. He must show on the face of the plea, that he has a valid title to the office. The people are not bound to show any thing. The information calls upon the defendant to show by what warrant he exercises the functions of the office, and he must exhibit good authority for so doing, or the people will be entitled to judgment of ouster. Cole on Criminal Informations, 210 to 212; Willcock on Municipal Corporations, 486 to 488; Angell & Ames on Corporations, § 756.

The second plea is also too general. It does not state how the office became vacant; nor does it show with sufficient certainty how the defendant was appointed. The third plea is likewise defective. The defendant does not attempt to set out his title. It is no answer to the information, that the relator is not entitled to the office. The defendant must show that he is rightfully in office, or the people are entitled to judgment against him.

But there is an error in the record, for which the judgment must be reversed. It does not appear that any disposition was made of the two pleas first filed. The record only shows that a demurrer to them was argued and taken under advisement. It fails to show that any decision was ever made by the court. The entry of the 22d of March, 1852, cannot be considered as applying to these pleas. From the description given, it mani-

festly relates to the second set of pleas. The judgment was entered at length on the following day, without noticing the fact that the order sustaining the demurrer had been already entered. These two entries evidently refer to the same set of pleas. It was clearly error to render final judgment in the case, without disposing of the demurrer to the first set of pleas. As that demurrer has not been decided, this court has no authority to pass upon the sufficiency of these pleas.

The judgment must be reversed, and the cause remanded.

*Judgment reversed.*