# THE ILLINOIS MIDLAND RAILWAY COMPANY

*v.*

# THE PEOPLE *ex rel.*

1. QUO WARRANTO—*justification or disclaimer*. Where a party is charged, by information in the nature of *quo warranto*, in the name of the people, with having usurped powers and franchises, and with exercising the same without authority of law, he must either justify or disclaim having done so.

2. RAILROAD COMPANIES — *contracts for operating each others roads*. Under the act of February 12, 1855, all railroad companies have power to make contracts and arrangements with each other for leasing or running their respective roads, or any part thereof; and a plea to an information, in the nature of a *quo warranto*, charging one railroad company with usurping the powers and franchises granted to another, which sets up a contract between it and the other company, authorizing it to operate the road of such other company, and that it is operating the road under such contract, is a good plea.

WRIT OF ERROR to the Circuit Court of Macon county; the Hon. C. B. SMITH, Judge, presiding.

On the 26th day of November, 1875, an information, in the nature of a *quo warranto*, was filed in the circuit court of Macon county, by leave of court, in which it is alleged, that on the 1st day of July, 1875, and ever since, without any authority of law for so doing, the Illinois Midland Railway Company, acting as and claiming to be the lawful successor of a certain corporation known and called the Peoria, Atlanta and Decatur Railroad Company, is using and exercising, without any lawful grant, warrant or charter, the liberties, privileges, powers and franchises conferred by the people of the State of Illinois, by act of the General Assembly, upon and vested in the Paris and Decatur Railroad Company, all of which liberties, privileges, powers and franchises the Midland Railway Company have usurped and still do usurp.

Other charges are contained in the information, but they are but different statements of the same usurpation of liberties, privileges, powers and franchises of the Paris and Decatur Railroad Company, with the additional allegation the Midland Railway Company has wrongfully taken possession of the personal property of that company, and is using it without any authority of law so to do.

A plea of not guilty was filed, and a second plea, to which a demurrer was sustained. On leave given, defendant filed second and third amended pleas, to which a demurrer was sustained, and defendant standing by its pleas, judgment of ouster was pronounced.

Messrs. CREA & EWING, and Mr. A. J. GALLAGHER, for the plaintiff in error.

Messrs. D. T. & D. S. McINTYRE, and Messrs. SMITH & CLOKEY, for the defendant in error.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

Where a party is charged, by information in the nature of *quo warranto*, in the name of the people of the State, with

having usurped powers and franchises, and with exercising the same without authority of law, he must either justify, or disclaim having done so. The second amended plea, to which a demurrer was sustained, does neither. It is neither a complete plea of justification nor a full disclaimer. Such pleas must be consistent, and not allege defenses repugnant to each other. This one contains some matters tending to show justification, and others tending to show a disclaimer. In that respect, the defenses set up are repugnant and inconsistent with each other, and for that reason the plea is bad.

The amended third plea, we think, is substantially good, and if the facts alleged can be sustained by evidence, would constitute a complete justification to the alleged usurpation of franchises with which defendant is charged.

After the Peoria, Atlanta and Decatur Railroad Company had finished its road from Peoria to Decatur, and commenced to operate, it is alleged that company changed its corporate name to that of the "Illinois Midland Railway Company." It is then averred, the Midland Railway Company entered into a contract with the Paris and Decatur Railroad Company, by the terms of which the former company agreed and contracted with the latter company it would run and operate its line of road, from its junction with the Illinois Central railroad at Decatur, thence to Paris, and receive tolls and incomes as compensation for running and operating same, until the contract should be abrogated by either party; that in pursuance of that arrangement the Midland Railway Company entered upon the performance of the contract, and hath hitherto and doth still run and operate the line of road of the Paris and Decatur Railroad Company between the points indicated, as it lawfully may, and in doing so it is not guilty of usurping liberties, privileges or franchises granted by the people of the State to other corporations.

No question is made the Peoria, Atlanta and Decatur Railroad Company, under the act of March 26, 1872, had power to change its corporate name to that of the "Illinois Midland Railway Company," on complying with the provisions of that

statute, which seems to have been done. The only question of importance that arises on this plea, is as to the validity of the operating contract made by the railroad companies, under which defendant obtained the privilege to run and operate the Paris and Decatur railroad for the tolls and income, until one party or the other should abrogate the contract.

With the propriety of the contract we have nothing to do in this proceeding. Of course, the demurrer admits the making of the agreement as pleaded, and all we need concern ourselves about is, the capacity of the parties to make. Operating contracts between railroad companies are expressly authorized by statute. Under the act of February 12, 1855, all railroad companies have power to make contracts and arrangements with each other for leasing or running their respective roads, or any part thereof. That is what the parties have done, and if it is not satisfactory to either party, the provision, as alleged, is, it may be abrogated at any time. We do not understand it was necessary to exhibit the contract with the plea. That is a matter of evidence, and what its terms are, whether it sustains the plea or not, will be made known when it is produced.

Admitting the existence of an operating contract between the companies, as the demurrer does, the plea presented a defense to the charge of usurpation of franchises granted by the people of the State to another corporation, and if not true, it ought to have been traversed.

The judgment will be reversed and cause remanded.

*Judgment reversed.*