# CHARLES C. P. HOLDEN

*v.*

# THE PEOPLE *ex rel.* Wallace.

1. OFFICE—*term of West Chicago Park Commissioners.* The term of office of a West Chicago park commissioner, appointed as a successor to one of those which constituted the first board, is limited to seven years.

2. SAME—*when Governor may appoint successor of park commissioners.* The Governor is authorized by law to appoint persons to fill vacancies in the offices of the West Chicago Park Commissioners, whenever they occur by expiration or otherwise, without being notified of there being vacancies. The statute requiring the fact of vacancies to be certified to the Governor is not a limitation upon his power to fill vacancies,—it is directory merely, and designed only to give him information of vacancies.

3. QUO WARRANTO—*of the issues to be tried.* An information in the nature of a *quo warranto* can only be answered by a disclaimer of title, or by showing title. It is not competent in such proceeding to try the question whether the defendant is guilty of usurpation in exercising the functions of the office after his title thereto had ceased.

APPEAL from the Criminal Court of Cook county; the Hon. SAMUEL M. MOORE, Judge, presiding.

This is an information in the nature of a *quo warranto*, instituted in the Criminal Court of Cook county, charging appellant with usurping the office of West Chicago Park Commissioner. Judgment of ouster was given against appellant, and he asks a reversal of that judgment.

It is stated in the information, that appellant was one of the West Chicago Park Commissioners, under the act of 1869 creating a board of public park commissioners for the town of West Chicago; that he was one of the first commissioners appointed under the act; that in the inauguration of the board he drew the two years term, and at the end of that term (March 1, 1871,) he was appointed as his own successor; that his second term expired by law in seven years—that is, on March 1, 1878,—and that the Governor appointed Mr. Brennock as successor to appellant, to hold that office from and

after March 1, 1878; that Brennock was duly appointed, commissioned and qualified, and that after this appellant refused to surrender said office, but usurped the same.

Issues of law and of fact were formed under this information, all of which were determined against defendant, and judgment of ouster followed, and defendant appeals to this court.

Mr. C. C. BONNEY, for the appellant.

Mr. GEO. W. SMITH, and Messrs. GAULT & LOW, for the appellee.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

Counsel for appellant presents two questions: First, is the term of office of a West Chicago park commissioner limited to seven years; and, second, if so, does the record show that appellant is guilty of usurpation in withholding the office from a successor duly appointed and qualified.

The first question, we think, must be answered in the affirmative. It is found, on examination of the statute creating this office, that, by the second section, "seven persons, resident freeholders and qualified voters of the town of West Chicago (to be designated by the Governor), together with their successors, are constituted a corporation, by the name of ' West Chicago Park Commissioners.'" The third section provides, that soon after the board shall be constituted, the members thereof shall decide, by lot among themselves, as to the respective terms for which each member shall hold his office—one to serve for seven years, from the 1st of March, 1869; one for six years, from that date; one for five years, one for four years, one for three years, one for two years, and one for one year from that date. It is also provided that all vacancies occurring in the board shall be filled by appointment by the Governor.

The eighteenth section provides for the removal of any of the commissioners by the circuit court after conviction of

misdemeanor or malfeasance in office, and that a copy of such judgment of removal shall be certified by the clerk of such court to the Governor, and that "the president and secretary of the board shall certify to the Governor all other vacancies arising or occurring in the same after its organization." The nineteenth section gives the board power to declare vacant the office of any commissioner for a failure to attend meetings, etc.

There are no express words in the act limiting the term of office of commissioners appointed as successors to those who constituted the board at its first organization, nor are there any express words extending the term for any given length of time. This must be determined by construction. We must seek the legislative intention on this question from the provisions actually found in the act. We can conceive of no rational purpose in making the terms of each of the original commissioners variant in length, and in adjusting the length of such terms in the manner indicated, unless it were intended that the terms of the successors should all be for seven years, and yet no change in the entire membership should occur at any one time, so that if changes in the membership should be found advisable, such changes should be brought about gradually. We have no doubt, in view of the other provisions of the act, it was the legislative intent that the term of each successor of the original members should be that of seven years.

The record shows that the term of defendant, under his second appointment, ended on March 1, 1878, and that Brannock, having all the qualifications required by the act, was duly appointed to fill the office as successor of defendant; that he took the necessary oath of office, and filed the bond required by law of such commissioner. All this is not denied, but it is set up, that no evidence of these facts was laid before the board or before the committee of the board on the subject of vacancies and of qualifications of members and officers; also, that no vacancy was certified to the Governor, and, also,

that the board had never admitted Brannock as a member thereof.

We do not think the provisions of law directing vacancies to be certified to the Governor, in certain cases, by the clerk of the circuit court, and in others by the president and secretary of the board, are to be construed as a limitation upon the power of appointment by the Governor. These provisions are directory,—providing special means of information for the Governor,—but in no manner forbid that he should ascertain the fact of the vacancy in any other mode. It is the fact of the vacancy which makes a case for the action of the Governor, and not the evidence of the fact which he may have. Nor has the board any power to adjudge who are or who are not commissioners. If the vacancy existed, and the relator, being eligible, was duly appointed and gave bond, and took the necessary oath of office, he thereby became, *de lege,* a member of the board, and defendant no longer had title to the office—his title was thereby at once terminated. Defendant fails to establish any title to the office.

The second question, whether defendant is guilty of usurpation in exercising the functions of the office after his title thereto had ceased, can not be tried under this information. The information can only be answered by a disclaimer, by defendant, of title, or by showing title. *Railway* v. *People,* 84 Ill. 426. The board, and each member thereof, and all persons, upon the appointment and qualification of Brannock thereby became bound to act accordingly. The ordinance prescribing the duties of the committee is well enough for its purpose, and that purpose was to give the board information, that it might act properly. Of course, it is the duty of the board to admit its lawful members, and they may, by committee, inquire into the facts, that they may act wisely; but they have no function to adjudge and determine the facts. Having reached a belief of the true state of the facts, they may act, but they act at their peril, just as a sheriff acts at his peril if he levies on one man's property by virtue of process

against the property of another. He has a right to inquire, and he must act, but if he acts in error it is no justification that he acted in good faith.

The judgment must be affirmed.

*Judgment affirmed.*