## Orrin F. Place v. The People ex rel., etc.

1. QUO WARRANTO—*Where the Writ Lies, Under the Statute.*—In case any person usurps, intrudes into, or unlawfully holds or executes any office or franchise, or any office in any corporation created by authority of this State, the attorney general or State's attorney of the proper county, either of his own accord or at the instance of any individual relator, may present a petition to any court of competent jurisdiction, or any judge thereof in vacation, for leave to file an information in the nature of a quo warranto in the name of the people of the State of Illinois.

2. SAME—*Who May Not Prosecute the Writ.*—A mere intermeddler, as a relator or otherwise, by employing the State's attorney to make a motion for that purpose, can not be permitted to prosecute a proceeding of this character, where he shows no such special interest in the corporation as would justify the court or judge in exercising the discretion given to it or him by the statute.

3. SAME—*Practice in this State.*—After the petition and information are properly filed and process ordered to issue, the case must then proceed in accordance with the strict rules of law in the same manner, and with the same degree of strictness, as in ordinary cases.

4. SAME—*Rules of Practice.*—Where the power is given by statute to enforce rights by petition and information in the nature of a quo warranto, and the required petition and information has been filed by leave of court or a judge, the respondent must, by answer or plea, either disclaim or justify, or the people will be entitled to a judgment of ouster.

5. SAME—*Pleas of Justification.*—In case the respondent attempts to plead by way of justification, he must set out his title specially. A general statement is not sufficient, but the plea must set up when and how he obtained his title.

Place v. The People.

Quo Warranto.—Trial in the Circuit Court of Christain County; the Hon. WILLIAM M. FARMER, Judge, presiding. Finding and judgment of ouster; appeal by respondent. Heard in this court at the November term, 1898. Affirmed. Opinion filed June 3, 1899.

T. W. JOHNSTON and J. C. McBRIDE, attorneys for appellant; M. F. GALLAGHER, of counsel.

E. A. HUMPHREYS, State's attorney, for appellee; JAMES M. TAYLOR and FRANK P. DRENNAN, of counsel.

MR. PRESIDING JUSTICE BURROUGHS delivered the opinion of the court.

This was a petition presented to the Circuit Court of Christian County, in term time, by the State's attorney of that county, for leave to file the petition and information in the nature of a quo warranto thereto attached, which is in the name of The People of the State of Illinois, on the relation of Reuben Wilkinson, and against the appellant. The court granted the leave and ordered process to issue against the respondent, who filed a special plea to which the State's attorney interposed a demurrer, which was sustained. The respondent abided by his plea and declined to plead further, and the court gave judgment of ouster against him; he excepted and brings the case to this court by appeal, urging us to reverse that judgment on the ground that the court improperly sustained the demurrer and erroneously rendered judgment of ouster against him.

The petition avers that the Crowned King Mining Company is a corporation duly organized and doing business under the laws of Illinois, having its principal office at Edinburg, in Christian county, Illinois, and that the relator and two others, naming them, are its board of directors and have possession of all its property and business; that the appellant has for the past six months, in the county aforesaid, without any right, title or interest by election or otherwise, and against the express wishes and interest of said corporation, unlawfully usurped and intruded himself into, and unlaw-

fully executed and is now unlawfully executing the office of president thereof, greatly to the damage of its business, and against the interest of the stockholders therein, and against the peace and dignity of the people of the State of Illinois, wherefore he prays that leave be given him to file the petition and attached information in the nature of a quo warranto, charging those facts and praying the court to call upon the respondent to show cause why he so usurps, intrudes into, and exercises the office of president of said corporation; and that upon a hearing, if the court finds the facts to be as above stated, that it will oust him from that office. Both the petition and the information are signed by the State's attorney of Christian county, and the petition is sworn to by the relator.

The special plea of respondent avers that on the second Wednesday of March, 1889, the appellant was " then and there made president of the said Crowned King Mining Company, a corporation, and he has ever since been and is now president thereof, and is entitled to that position," and that all subsequent meetings of both the stockholders and directors of that corporation were wholly void; that no president as successor to appellant was ever elected, or has any other person, except the appellant, ever been elected as such president; that the appellant is now, and has been acting as the president of said corporation since 1887; that the relator is not now, nor has he ever been such president, and denies all the charges made in the petition against him, and further denies that the relator is a director of said corporation.

Counsel for the appellant, in his printed brief filed and in his oral argument made in this court, claims that as the relator is urging only a private right in a private corporation, and the public have no legal concern therein, this is merely a civil action in his behalf, against the appellant, and since the relator is not, either by the petition or the information, averred to be the *de jure* or *de facto* president, therefore the demurrer to his plea ought to have been carried back and sustained to the petition and information; and

Place v. The People.

that the court erred in sustaining the demurrer to his plea for that reason; and as the demurrer to the plea was only a general one, it was error to sustain it, for the further reason that the plea was a complete answer to the petition and information, as it made a general denial that the relator was a director of said corporation, and the petition failed to aver he was president thereof.

We think a complete answer to the first claim is, that the relator is not, in this case, contesting with the appellant for the office in question, but the petition and information do set up a good cause of action under the express provisions of our present statute entitled "Quo Warranto," so much of which as applies to this case being as follows:

"That in case any person shall usurp, intrude into, or unlawfully hold or execute any office or franchise, or any office in any corporation created by authority of this State, * * * the attorney general or the State's attorney of the proper county, either of his own accord, or at the instance of any individual relator, may present a petition to any court of competent jurisdiction, or any judge thereof in vacation, for leave to file an information in the nature of a quo warranto in the name of the people of the State of Illinois; and if such court or judge shall be satisfied that there is probable ground for the proceeding, the court or judge may grant the petition and order the information to be filed and process to issue." Sec. 1, Chap. 112, Starr and Curtis' Ill. Statutes (1896).

We are aware that it is the law that a mere intermeddler, as a relator or otherwise, by employing the State's attorney to make a motion for that purpose, ought not to be permitted to prosecute a proceeding of this character, where he shows no such special interest in the corporation as would justify the court or judge, in exercising the discretion given to it or him by the statute, to grant or refuse leave to file such information, as is expressly held in the case of The People ex rel. v. North Chicago Ry. Co., 88 Ill. 537, and the cases therein cited. But in the case at bar, the petition of the State's attorney sworn to states that the relator is one of three persons constituting the board of directors of the corporation, who have possession of all of its property

and business, thereby not only showing the relator not to be an intermeddler, but that he has such a special interest in the corporation, its property and business, as justifies the State's attorney in presenting the petition, and the court in granting the leave to file the information on the state of facts shown.

As to the other claim made by counsel for the appellant, we think the practice in this State is well established that after the petition and information are properly filed by leave of court or a judge thereof in vacation, and process ordered to issue, the case must then proceed in accordance with the strict rules of law, in the same manner and with the same degree of strictness as in ordinary cases. (See The People ex rel. v. Golden Rule et al., 114 Ill. 34.) And the practice in such cases in this State is, that where the power is given by statute to enforce rights by petition and information in the nature of a quo warranto, and the required petition and information has been filed by leave of court or a judge, the respondent must by answer or plea either disclaim or justify, or the people will be entitled to a judgment of ouster. (See Clark v. The People ex rel., 15 Ill. 213; Carrico et al. v. The People ex rel., 123 Ill. 198; Distilling and Cattle Feeding Co. v. The People ex rel., 156 Ill. 448; and the People ex rel. v. City of Peoria, 166 Ill. 517.) And in case the respondent attempts to plead, by way of justification, he must set out his title specially. (Clark v. People, *supra;* Illinois Midland Ry. Co. v. People, 84 Ill. 426; Holden v. People, 90 Ill. 434; Carrico v. People, *supra;* Distilling, etc., Co. v. People, *supra;* and the People v. City of Peoria, *supra.*) A general statement is not sufficient, but the plea must set up when and how he obtained title. Clark v. People, *supra,* and Carrico v. People, *supra.*

The plea in the case at bar only averring that the respondent " then and there was made president of said corporation, and has ever since been and is now president of and entitled to said position," was not sufficient. Nor was it sufficient to merely deny that the relator was not such president, nor was any one else, except the respondent, such president. There-

fore the court properly sustained the demurrer thereto; and as the appellant declined to plead further, the court properly entered a judgment of ouster.

Judgment affirmed.