'ORRIN F. PLACE

*v.*

THE PEOPLE *ex rel.* Reuben Wilkinson.

*Opinion filed October 24, 1901.*

1. QUO WARRANTO—*general allegations are insufficient to justify in quo warranto.* In proceedings by information in the nature of *quo warranto* the defendant must either disclaim or justify, and in order to justify he must set out his title and when and how he obtained the same, showing, particularly, by what warrant he exercises the functions of his office, general allegations being insufficient.

2. SAME—*essential of plea alleging respondent's election to office of president of corporation at a meeting held without State.* A plea of justification in *quo warranto* setting up the respondent's election to the office of president of a corporation at a meeting of the directors held without the State, must particularly aver that such meeting was authorized or his election ratified by a two-thirds vote of the directors at a regular meeting of the board *held within the State,* as is contemplated by the proviso of section 20 of the Corporation act.

3. SAME—*de facto title is not available defense.* In a proceeding by information in the nature of *quo warranto* to test the legality of respondent's title to the office of president of a corporation, the respondent is required to show a *de jure* title, and cannot avail himself of the defense that he is the *de facto* president.

4. SAME—*what a sufficient showing of relator's interest.* A petition for leave to file an information in the nature of *quo warranto* sufficiently shows that the relator had such a special interest as to justify the State's attorney in presenting the petition and the court in granting leave to file the information, which avers that the relator was elected to the office of president of a corporation by its board of directors and in accordance with its by-laws, but that the respondent refuses to surrender the office and claims to be president.

*Place v. People ex rel.* 87 Ill. App. 527, affirmed.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Christian county; the Hon. WILLIAM M. FARMER, Judge, presiding.

J. C. MCBRIDE, and KRETZINGER, GALLAGHER & ROONEY, for plaintiff in error:

The president of a private corporation, when once elected, holds office until his successor is legally elected.

Cook on Corp. (4th ed.) sec. 624; Thompson on Corp. sec. 792; *Bank* v. *Lamon*, 130 N. Y. 366; *Mining Co.* v. *Abraham*, 26 Ore. 282; *State* v. *Bonnell*, 35 Ohio, 10; *Agricultural Society* v. *Houseman*, 81 Mich. 613; Beach on Private Corp. sec. 299; *Cassell* v. *Turnpike Co.* 9 S. W. Rep. 701.

The fact that the president of a private corporation is elected outside of the incorporating State does not invalidate the election. Taylor on Corp. (4th ed.) secs. 381, 382; *Missouri, etc.* v. *Reinhard*, 114 Mo. 227.

User of the office for five years, to the knowledge of all persons concerned and the State, bars an information in *quo warranto*. *People* v. *Boyd*, 132 Ill. 60.

The title of Place to the office, even if defective, was validated by the general ratification and acquiescence shown in the second plea in bar, and the relator is forever estopped from questioning such title. *Hundley* v. *Stutz*, 139 U. S. 417; *People* v. *Waite*, 70 Ill. 25; *Commonwealth* v. *Turnpike Co.* 153 Pa. St. 47; *People* v. *Schnepp*, 179 Ill. 305; *Nappa case*, 45 N. W. Rep. 355; *State* v. *Gordon*, 87 Ind. 171; *State* v. *Bailey*, 19 id. 452; *State* v. *McNaughton*, 56 Vt. 736.

The pleas are sufficient in law, because they show that the relator was, at the time he filed the information, a fraudulent and usurping claimant of the office in question. *People* v. *Railway Co.* 88 Ill. 537; *Miller* v. *English*, 21 N. J. L. 317; *People* v. *Lacoste*, 37 N. Y. 192; *Tillmann* v. *Otter*, 20 S. W. Rep. 1036; *State* v. *Hunton*, 28 Vt. 594; *State* v. *Tolan*, 33 N. J. L. 195; Thompson on Corp. sec. 6805; *Vrooman* v. *Michie*, 36 N. W. Rep. 750.

E. A. HUMPHREYS, State's Attorney, JAMES M. TAYLOR, and FRANK P. DRENNAN, for defendant in error:

In a proceeding by information in the nature of a *quo warranto* the defendant must either disclaim or justify. If he justifies he must set out his title specially. *Clark* v. *People*, 15 Ill. 213; *Carrico* v. *People*, 123 id. 203; *Simons* v. *People*, 18 Ill. App. 589; High on Ex. Legal Rem. 716; *People* v. *Ridgley*, 21 Ill. 67.

The election in Arizona, and without the State of Illinois, was void, the same not being authorized or ratified by a two-thirds vote of the directors at a regular meeting. Starr & Cur. Stat. chap. 32, sec. 20, p. 1010.

Corporate acts cannot be performed outside of territory of the jurisdiction under which the corporation was created. *Reichwald* v. *Hotel Co.* 106 Ill. 450.

Mr. JUSTICE HAND delivered the opinion of the court:

This is an information in the nature of a *quo warranto*, filed by leave of court in the circuit court of Christian county by the State's attorney of said county in behalf of the People of the State of Illinois, upon the relation of Reuben Wilkinson, charging that the plaintiff in error is holding, executing and usurping, without warrant or authority of law, the office of president of the Crowned King Mining Company, a corporation organized under the laws of the State of Illinois, having its principal place of business at Edinburg, in said county. The plaintiff in error filed three pleas, in which it is averred that at a meeting of the board of directors of said corporation held in the county of Yavapai, Territory of Arizona, on December 27, 1887, he was elected to said office; that he held said office until May 3, 1889, when, at a meeting of said board of directors held at the same place, he was re-elected to said office, since which time he has held said office with the knowledge and consent of the stockholders and officers of said corporation and the acquiescence of the relator and the People of the State of Illinois, and that he is now the duly elected and acting president of said corporation. The circuit court having sustained a demurrer to said pleas and the plaintiff in error having elected to stand by the same, a judgment of ouster was entered against him, which judgment has been affirmed by the Appellate Court for the Third District, and the record has by him been brought to this court by writ of error for a further review thereof.

In proceedings by information in the nature of a *quo warranto* the defendant must either disclaim or justify. If he disclaim, the People are entitled to a judgment of ouster. If he justify, he must set out his title, particularly showing by what warrant he exercises the functions of his office. He must set up when and how he obtained title to his office. General allegations are insufficient. (*Clark* v. *People*, 15 Ill. 213; *Carrico* v. *People*, 123 id. 198.) In *Clark* v. *People*, *supra*, on page 217 it is said: "In the proceeding by information in the nature of a *quo warranto* the defendant must either disclaim or justify. If he disclaims, the People are at once entitled to judgment. If he justifies, he must set out his title specially. It is not enough to allege, generally, that he was duly elected or appointed to the office, but he must state particularly how he was elected or appointed. He must show on the face of the plea that he has a valid title to the office. The People are not bound to show anything. The information calls upon the defendant to show by what warrant he exercises the functions of the office, and he must exhibit good authority for so doing or the People will be entitled to judgment of ouster."

The defendant sought to justify by showing he was elected president of said corporation at a meeting of its board of directors held outside of the State of Illinois, and that he held and exercised the functions of his office by virtue of such election. Said corporation, through its board of directors, could only exercise such corporate act without the limits of this State (*Reichwald* v. *Commercial Hotel Co.* 106 Ill. 439; *Bastian* v. *Modern Woodmen*, 166 id. 595;) by complying with the proviso to section 20 of chapter 32, (Starr & Cur. Stat. p. 1009,) which section is as follows: "The by-laws of every corporation shall provide for the calling of meetings of the directors, trustees or other officers corresponding to trustees, and when all such officers shall be present at any meeting, however

called or notified, or shall sign a written consent thereto on the record of such meeting, the acts of such meeting shall be as valid as if legally called and notified: *Provided*, that the action of any meeting held beyond the limits of this State shall be void, unless such meeting was authorized or its acts ratified by a vote of two-thirds of the directors, trustees or officers corresponding to trustees, at a regular meeting."

The pleas fail to allege that either of the meetings held outside of the State of Illinois, at which plaintiff in error avers he was elected president of said corporation, was authorized or his election ratified by the vote of two-thirds of the directors of said corporation cast at a regular meeting of such board. The plaintiff in error, in order to show title to said office by virtue of an election held by the board of directors outside of the State of Illinois, should have particularly averred that such meeting was authorized or his election at such meeting ratified by a vote of two-thirds of the directors of said corporation cast at a regular meeting of said board held within the State of Illinois. For the want of such averment each of said pleas was bad, and the court properly sustained a demurrer thereto. While it is not expressly provided the "regular meeting" above referred to shall be held in the State of Illinois, from a reading of the entire statute entitled "Corporations" (Starr & Cur. Stat. chap. 32,) we have no question but that the same should be so construed.

A general statement in a plea that there was a by-law of said corporation in force which provided that the board of directors of said corporation shall meet monthly on the first Wednesday of each month, at the hour of one o'clock P. M., in Yavapai county, Arizona Territory, and that a special meeting of the board of directors may be called at any time by the president or two members of the board by giving written or printed notice of the same to each director, and which does not aver whether the defendant was elected at a stated or a special meeting,

is not a sufficient averment as to the time and place when the defendant was elected to said office, or that the meeting at which he was elected outside of the State had been previously authorized by a two-thirds vote of the board of directors of said corporation held at a meeting within this State.

The contention that the relator and the People, by their *laches*, are estopped to question the right of the plaintiff in error to said office, is without force. By this proceeding the plaintiff in error is required to show a *de jure* title to said office. He cannot avail himself of the defense that he is the *de facto* president of said corporation. As said in *Gunterman* v. *People*, 138 Ill. 518, here the question is, has the defendant shown a valid title? A defective title will not do,—much less a mere equitable right to a title. A defective title is understood to be, and is, in contemplation of law, the same as no title whatever, and a party exercising an office or franchise of a public nature is considered as a mere usurper unless he has a good and complete title in every respect.

This is a proceeding to try the title of the plaintiff in error to said office, and not to try the title of the relator thereto. The petition of the State's attorney asking for leave to file the information was sworn to, and averred that said corporation, by its board of directors and in accordance with its by-laws, elected Reuben Wilkinson, the relator, its president, on the first day of October, 1892, but that the said Orrin F. Place, the plaintiff in error, refuses to surrender the said office to said Wilkinson and claims to be the president of said corporation. This, we think, was a sufficient showing that the relator had such a special interest in the corporation, its business and property, as to justify the State's attorney in presenting the petition and the court in granting leave to file the information. The information having been filed and the plaintiff in error duly summoned to answer the same, and he having attempted to justify and having

failed to show a *de jure* title to the office, the court properly entered a judgment of ouster against him.

We.are of the opinion said pleas were fatally defective and that the court did not err in sustaining a demurrer thereto. The judgment of the Appellate Court will therefore be affirmed. *Judgment affirmed.*