THE PEOPLE *ex rel.* Mary Shanley *et al.* Appellees, *vs.* DANIEL J. O'CONNOR *et al.* Appellants.

*Opinion filed December 15, 1908—Rehearing denied April 16, 1909.*

1. QUO WARRANTO—*allegation of usurpation may be in general terms.* In an information in the nature of *quo warranto* against the respondents, as commissioners of a drainage district, it is sufficient to allege in general terms that they are usurping certain privileges, powers and franchises, and exercising, without authority of law, jurisdiction over the relators' lands as commissioners of such drainage district.

2. SAME—*when the People are entitled to judgment of ouster.* Where the respondents to an information in *quo warranto* against them, as commissioners of a drainage district, file pleas of justification, which they thereafter withdraw and suffer default, the information stands as confessed, and as the People are not required to prove anything in the first instance a judgment of ouster is authorized, the same as though the respondents had disclaimed.

3. SAME—*when respondents in quo warranto must disclaim.* Respondents in a proceeding by information in the nature of *quo warranto* against them, as commissioners of a drainage district, must disclaim if they desire to deny that they are the commissioners of such district, and if they suffer default the default admits that they are the commissioners of the district, and they are estopped to thereafter deny that fact, by affidavit or otherwise.

4. SAME—*defenses of misjoinder and misnomer must be raised at earliest possible moment.* The defenses of misjoinder and misnomer are dilatory in character and must be raised at the earliest possible moment, and if pleas to the merits are filed, such dilatory defenses cannot afterwards be interposed although the pleas to the merits are withdrawn.

5. APPEALS AND ERRORS—*when objection that drainage district was not served with process cannot be made.* Respondents to an

information in the nature of *quo warranto* against them, as commissioners of a drainage district, who prosecute, as individuals, an appeal from a judgment of ouster, cannot urge as error that the drainage district was not served with process, as that matter affects the district alone.

APPEAL from the Circuit Court of LaSalle county; the Hon. EDGAR ELDREDGE, Judge, presiding.

This is an information in the nature of a *quo warranto* filed by Charles S. Cullen, the State's attorney of LaSalle county, in the circuit court of said county, in the name of the People, upon the relation of Mary Shanley, John Kinnegar and William Anderson, against Daniel J. O'Connor, James J. O'Donnell and Fred Roux, as drainage commissioners of Union Drainage District No. 1 of the towns of Wallace and Waltham, in LaSalle county, to test the legality of the annexation of the lands of said relators to said drainage district under the provisions of section 42 of the Farm Drainage act.

The information contained two counts. The first count charges that Union Drainage District No. 1 of the towns of Wallace and Waltham, in the county of LaSalle and State of Illinois, is a corporation; that said corporation was organized January 29, 1898, under the Farm Drainage act of 1885; that on December 9, 1905, the commissioners of said drainage district, being Daniel J. O'Connor, James J. O'Donnell and Fred Roux, caused to be entered and spread upon the records of said drainage district an order incorporating the lands of the relators into said drainage district and ordering that said lands be classified. It is further alleged that the relators had not connected the drains upon their lands with the drains and ditches of said district or connected with or drained into the drains or ditches in said district. It was also averred that the order connecting the lands of the relators with said drainage district was made by said commissioners without authority of law, and that said respondents were usurping rights, powers, franchises

239—18

and jurisdiction over the lands of the relators unlawfully.
The second count alleged, in general terms, that for the
space of more than eighty days, without any legal warrant
or right, the commissioners of said drainage district have
usurped and exercised, and still do exercise, corporate
rights, powers, franchises and jurisdiction unlawfully, as
a drainage district, over the lands of the relators. The in-
formation prayed that said drainage commissioners may be
required to answer said information and to show by what
authority they are exercising jurisdiction over the lands of
the relators.

Daniel J. O'Connor, James J. O'Donnell and Fred Roux,
as commissioners of Union Drainage District No. 1 of the
towns of Wallace and Waltham, in the county of LaSalle,
by their attorneys, appeared and filed two pleas to said in-
formation, in which it was alleged, among other things, that
the relators had, since the organization of said drainage dis-
trict and after the ditches of said district were completed,
connected the drains and ditches upon their lands with the
drains and ditches of said drainage district, and were there-
fore deemed, in law, to have voluntarily applied to have
their lands included in said drainage district, and that by
reason thereof said drainage commissioners had entered an
order connecting said lands with said drainage district and
had classified said lands of the relators. The relators filed
replications to said pleas, to which replications, with the
exception of one which denied that the relators had con-
nected the drains upon their lands with the drains and
ditches of the district, the court sustained demurrers, and
the cause was set for trial upon the question of fact as to
whether or not the relators had connected the drains upon
their lands with the drains and ditches of said drainage dis-
trict. Thereafter the information was amended by making
Union Drainage District No. 1 of the towns of Wallace and
Waltham, in the county of LaSalle, a party defendant, and
service of process was had upon the district by delivering

a copy of the summons to Daniel J. O'Connor, as president of the district. After the case was at issue, Daniel J. O'Connor, James J. O'Donnell and Fred Roux by leave of court withdrew the pleas theretofore filed by them as commissioners of said drainage district and moved the court to dismiss the information on the ground that they were not commissioners of said drainage district, which motion was denied. Thereafter the drainage district and each of said commissioners were defaulted and a judgment of ouster as to the lands of the relators was entered against the district and said commissioners, whereupon Daniel J. O'Connor, James J. O'Donnell and Fred Roux, as individuals, prosecuted an appeal to the Appellate Court for the Second District, and that court has transferred the appeal to this court on the ground that the Appellate Court was without jurisdiction to hear and determine the cause.

JAMES J. CONWAY, for appellants.

CHARLES S. CULLEN, State's Attorney, and BROWNE & WILEY, (L. H. STRAWN, of counsel,) for appellees.

Mr. JUSTICE HAND delivered the opinion of the court:

It is first contended that the information was not sufficient, in law, to require the appellants to answer the same. The purpose of the information was to require appellants to show by what warrant they were exercising authority over the lands of the relators as drainage commissioners, and it was sufficient to allege, in general terms, that the appellants were usurping certain privileges, powers and franchises, and exercising jurisdiction, without authority of law, over the relators' lands, as commissioners of said drainage district.

In *People* v. *Central Union Telephone Co.* 232 Ill. 260, on page 271, it was said: "When the People call upon one to show by what authority he exercises a license or privilege which must emanate from the State or one of its agen-

cies, the allegation of usurpation may be, as it was in this case, of the most general character, and the information merely calls upon the defendant to set forth particularly the grounds of his claim and the continued existence of his right. The office of an information in the nature of a *quo warranto* is not to tender any issue of fact, but simply to call upon the defendant, in general terms, to show by what warrant or charter the privilege claimed is held and exercised. (17 Ency. of Pl. & Pr. p. 457.) The defendant can not traverse an information which is of that character, and a plea of not guilty or *non usurpavit* is not an answer to the information. The People are not bound to show anything, and the defendant must answer by disclaimer or by justifying, and if he justifies he must set out his title, particularly showing by what right he exercises and enjoys the license or privilege. (*Clark* v. *People,* 15 Ill. 213; *Catlett* v. *People,* 151 id. 16.) The sole purpose of the information is to require the defendant to show by what warrant he is holding and exercising the license, privilege or franchise in question, and it is sufficient to allege, generally, that he is holding and exercising the same without lawful authority.— *People ex rel.* v. *Cooper,* 139 Ill. 461."

The information, we are of the opinion, was sufficient to require an answer thereto by the appellants, and in case they determined to answer the information it was their duty to disclaim or to justify, and if they justified they were required to set out fully the warrant under which they sought to exercise power and authority over the relators' lands. In *Place* v. *People,* 192 Ill. 160, on page 163, it was said: "In proceedings by information in the nature of a *quo warranto* the defendant must either disclaim or justify. If he disclaim, the People are entitled to a judgment of ouster. If he justify, he must set out his title, particularly showing by what warrant he exercises the functions of his office." And in case a respondent justifies, the People are not required, in the first instance, to prove anything, but the bur-

den is upon the respondent to establish the substance of his plea affirmatively. (*McGahan* v. *People,* 191 Ill. 493.) When, therefore, the appellants withdrew their pleas and were defaulted the information stood as confessed, and the People were entitled to a judgment of ouster in the same way that they would have been had appellants disclaimed.

It is next claimed that as the relators owned their lands in severalty there was a misjoinder of parties. The suit was prosecuted in the name of the People, upon the relation of the several relators. The uniform practice has been in this State, where land owners seek to question the rights of drainage commissioners to incorporate their lands in a drainage district, to permit several land owners to join as relators in the same information, and the fact that there are several relators who own several tracts of land does not have the effect to vitiate the judgment of ouster entered in this case. (*Drainage District No. 3* v. *People,* 147 Ill. 404; *People* v. *Drainage District No. 3,* 155 id. 45; *People* v. *Commissioners of Wild Cat Drainage District,* 181 id. 177; *People* v. *Drainage District No. 5,* 191 id. 623.) In any event, such must be the law in this case, as the question of misjoinder of parties was not raised in the court below by plea in abatement or otherwise.

It is also contended the drainage district was sued as Union Drainage District No. 1, etc., when it should have been sued as Commissioners of Union Drainage District No. 1, etc. Conceding the corporate name of the drainage district to be as claimed by the appellants, the same rule applies here as was applied to the contention of the misjoinder of parties. The defenses of misjoinder and misnomer, and kindred defenses, are dilatory in character and must be raised at the earliest moment. Here pleas were filed to the merits and then withdrawn. Thereafter appellants could not interpose a dilatory defense.

It is further contended that under the decision of this court in *Patton* v. *People,* 229 Ill. 512, Daniel J. O'Connor,

James J. O'Donnell and Fred Roux were not the commissioners of Union Drainage District No. 1 of the towns of Wallace and Waltham, etc. The information alleged that Daniel J. O'Connor, James J. O'Donnell and Fred Roux were the commissioners of said drainage district, and were claiming the right, as such commissioners, to exercise powers, privileges and franchises over the lands of the relators. If the appellants desired to deny that they were commissioners or were exercising such powers, privileges and franchises, they should have disclaimed. Where a respondent is brought into court to answer an information in the nature of a *quo warranto* he should disclaim or justify. (*Clark* v. *People,* 15 Ill. 213; *Carrico* v. *People,* 123 id. 198; *People* v. *City of Peoria,* 166 id. 517.) Here the appellants did neither but suffered a default. Their default admitted they were commissioners of said drainage district and were usurping rights, privileges and franchises, and exercising jurisdiction, as commissioners of the said drainage district, over the lands of the relators, and they having made such admission of record, they are estopped to deny the same by affidavit or otherwise.

It is also contended that the drainage district was improperly served with process. The appellants have prosecuted an appeal to this court as individuals. They cannot, therefore, assign as error in this court an error which only affects the drainage district. *Richards* v. *Greene,* 78 Ill. 525; *Clark* v. *Shawen,* 190 id. 47.

It is finally contended that the court awarded an execution for costs against the drainage district. We do not so understand the record. The judgment for costs was against the individual respondents, and execution was not awarded against the drainage district.

Finding no reversible error in this record the judgment of the circuit court will be affirmed.

*Judgment affirmed.*