## Mary E. Bell, Administratrix, Appellee, v. East St. Louis & Suburban Railway Company, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Madison county; the Hon. LOUIS BERNREUTER, Judge, presiding. Heard in this court at the March term, 1915. Reversed and remanded. Opinion filed December 1, 1915.

### Statement of the Case.

Action by Mary E. Bell, administratrix of the estate of John Bell, deceased, plaintiff, against the East St. Louis & Suburban Railway Company, defendant, in the Circuit Court of Madison county, to recover for the death of plaintiff's intestate by reason of the wrong-

ful act of defendant. From a judgment for plaintiff
for $2,250, defendant appeals.

In 188 Ill. App. 350, a former judgment in this ac-
tion was reversed by this court.

On January 29, 1913, at about three o'clock in the
afternoon, John Bell, while delivering goods with a
wagon drawn by a mule team, in Collinsville, Illinois,
was run into by one of defendant's cars and so injured
that he died about six days afterwards, and from that
judgment the defendant has again appealed, contend-
ing that the judgment was contrary to the weight of
the evidence, and that the court erred in the admission
of certain evidence offered by appellee.

It appeared that at the time of the injury Bell was
on his way to deliver goods to a Mrs. Johnson, who
lived on the south side of Main street in Collinsville,
in the second house west of Guernsey street, and that
defendant has a single track for electric cars along the
center of Main street, which runs east and west. Bell
was going west along Main street and one of defend-
ant's cars was behind him going in the same direction.
After passing Guernsey street which crossed Main
street at right angles near Mrs. Johnson's the wagon
in which he was riding, being then upon the railroad
track, was struck by defendant's car and Bell was
thrown out and received the injuries resulting in his
death. Plaintiff claimed that the deceased was in the
exercise of due care and was at the time driving west
with one wheel of the wagon between the rails and the
other on the north side of the track; that the car was
being run at an excessive rate of speed; that those in
charge of the car gave no signals; that there was
nothing to obstruct the view of those in charge of the
car when it arrived within two hundred feet of the
team and wagon, and that they failed to have the car
under control, permitting it to strike the team and
wagon, causing the fatal injury to plaintiff's intestate.

Defendant contended that the car was being run at

a moderate speed, that the proper signals were given and that Bell was guilty of negligence, in that while driving clear of the track outside of the rails on the north side, he suddenly turned his team straight across the track in front of defendant's car, so that the car could not be stopped in time to avoid the collision.

For plaintiff, Martin Bardsley testified that he was on Main street a short distance west of Guernsey street about twenty feet from the street car track, and first saw Bell approaching from the east three hundred feet away; that as Bell came on, he observed that the wheel of his wagon was caught on the inside of the tracks "skidding along," and the mules seemed to be trying to pull the wagon over to the north; that he turned away when the wagon was seventy or eighty feet from him, continuing in the same way as before; that he looked around on hearing a crack; that Bell and the mules were down on the street, or in front of the car; that the car was stopped after the collision about sixty feet west of Guernsey street. Charles Grater swore that he was talking to Bardsley on Main street, about forty feet from the center of Guernsey, and saw Bell sixty-five or seventy feet away; that Bell was driving in the center of the street with one wheel in the center of the track and one on the north side of it; that walking east about forty feet and passing Bell, he heard the crash, but did not see deceased after passing him until after the collision. Guy R. McCaslin was driving east in an automobile, and testified he passed deceased about two hundred feet from the place where the accident occurred, and the latter was then driving with one wheel between the tracks, but that he did not know where Bell drove after witness passed him. On the part of defendant, Jesse Drake testified that Bell drove with one wheel between the tracks until he reached the center of Guernsey street when he swung to the curb a little bit and drove parallel with and outside the tracks to a point about forty feet beyond the

intersection of Guernsey street, and then turned south across the tracks, where he was struck. Five other witnesses also testified they saw deceased just before the accident; that he was between the curb and the rail on the north side and that just before the collision he turned south across the track. These witnesses for defendant were corroborated by undisputed testimony, showing that the mules and the left front wheel of the wagon were struck by the car; that deceased, after the accident, told his employer that he had an order to deliver at Mrs. Johnson's; that he went down Main street and attempted to cross over to her place to make the delivery, and the further fact that he did actually make the delivery of the goods after he was injured and before he was taken away for medical treatment.

Williamson, Burroughs & Ryder, for appellant.

Charles H. Burton and Trautmann, Flannigen, Baxter & Hamlin, for appellee.

Mr. Presiding Justice Higbee delivered the opinion of the court.

## Abstract of the Decision.

1. Death, § 42*—*when necessary to show exercise of ordinary care by deceased by preponderance of evidence.* In order to recover, in an action for death due to the negligent act of defendant, plaintiff must prove by a preponderance of the evidence that at the time of sustaining the injuries resulting in death, and just prior to such time, deceased was in the exercise of ordinary care for his own safety.

2. Appeal and error, § 1410*—*when determination of weight of evidence conclusive on review.* In actions involving the alleged negligence of street car companies in failing to give signals of the approach of cars, where the evidence as to the giving of such signals is conflicting, the jury and trial court who hear and see the witnesses are in a better position to determine the value of the testimony than a court of review.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Bell v. East St. Louis & Suburban Ry. Co., 197 Ill. App. 83.

3. EVIDENCE, § 465*—*when positive evidence of greater value than negative evidence.* In actions involving the alleged negligence of street car companies in failing to give signals of the approach of cars, the positive evidence of those witnesses who testify that they heard the signals is generally of more evidential value than the negative testimony of those who did not hear such signals.

4. STREET RAILROADS, § 131*—*when evidence sufficient to establish giving of proper signals.* In an action to recover for the death of plaintiff's intestate as a result of a street car striking the wagon in which deceased was riding, throwing deceased out and causing injuries which resulted in his death, where the evidence was conflicting as to whether those in charge of the car gave proper signals of the approach of the car, weight of evidence *held* to show that such signals were given.

5. STREET RAILROADS, § 83*—*when motorman not bound to assume that driver of team will turn on track ahead of car.* The motorman of a street car is not bound to assume, in the absence of anything to warn him, that the driver of a vehicle proceeding along the streets in the same direction as the car will suddenly turn upon the tracks ahead of the car.

6. STREET RAILROADS, § 75*—*when evidence insufficient to sustain finding that car was operated at excessive speed.* In an action to recover for the death of plaintiff's intestate as a result of a street car striking the wagon in which deceased was riding, throwing him out and inflicting injuries causing his death, the fact that the car in question was stopped within ten feet of the place where the accident occurred, *held* to tend strongly to contradict plaintiff's claim that at the time of the accident defendant's car was being run at an excessive rate of speed.

7. STREET RAILROADS, § 131*—*when evidence insufficient to sustain verdict for death as result of collision of wagon with car.* In an action to recover for the death of plaintiff's intestate as a result of a street car striking the wagon in which deceased was riding, throwing him out and inflicting injuries resulting in his death, where the evidence tended to show that deceased suddenly turned from the street directly in front of the car, which was being run at a proper speed, a verdict for plaintiff *held* manifestly against the weight of the evidence.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.