## The People of the State of Illinois ex rel. J. R. Snapp and C. E. Pogue, Appellees, v. W. W. Younger, Appellant.

### Gen. No. 7,846.

1. CORPORATIONS—*by-law limiting number of votes invalid.* By-law of a corporation that no person should be allowed to vote by proxy more than eight shares of stock was invalid, in view of Const., art. 11, sec. 3, and Rev. St. 1923, ch. 32, secs. 49, 50, Cahill's St. ch. 32, ¶¶ 49, 50.

2. CORPORATIONS—*votes in director election could be cumulated.* Where three directors were to be elected, one owning stock and holding stock as proxy could cumulate his vote and give three votes for each share of stock voted by him if voting for only one director, in view of Const., art. 11, sec. 3, Rev. St. 1923, ch. 32, secs. 49, 50, Cahill's St. ch. 32, ¶¶ 49, 50.

3. QUO WARRANTO—*respondent has burden of showing his election.* In quo warranto the respondent has the burden of showing that he was elected and holds office *de jure.*

Appeal by defendant from the Circuit Court of Shelby county; the Hon. F. R. DOVE, Judge, presiding. Heard in this court at the April term, 1925. Affirmed. Opinion filed June 27, 1925. Rehearing denied October 13, 1925.

U. G. WARD, for appellant.

ROBERT I. PUGH, State's Attorney, for appellees; GEORGE B. RHOADS, of counsel.

MR. JUSTICE SHURTLEFF delivered the opinion of the court.

This is an action in quo warranto in the name of the People upon the relation of J. R. Snapp and C. E. Pogue, brought against the respondent, W. W. Younger, questioning respondent's election as a director in the Findley Grain and Coal Company, a corporation, under the laws of Illinois. Under the constitution and by-laws of the corporation, it has nine directors elected for a term of three years, three

directors to be elected at the regular annual stock-holders' meetings of each year. There were 200 shares of stock issued by the corporation at the regular annual stockholders' meeting held by the corporation on September 12, 1923, of which due notice had been given. The meeting was called to order and adjourned to October 1, 1923. Upon October 1, 1923, at the adjourned meeting, there were 174 shares of stock represented by owners and proxies. Of these shares J. R. Snapp was the owner of 4, and the written proxies of 69 shares, authorizing him to vote them, had been filed with the secretary in due time in accordance with the by-laws. The names of four stockholders were placed in nomination for the three offices of director in said corporation, namely: Relator C. E. Pogue, E. M. Vennum, C. E. Fitzwater and respondent, W. W. Younger. In the voting, said J. R. Snapp cast the 73 votes in his hands for C. E. Pogue and cumulated the same making three times 73 votes cast for said Pogue or a total of 219 votes. There were twelve other single votes cast for Pogue, making a total of 231 votes cast for C. E. Pogue. E. M. Vennum received 103 votes, C. E. Fitzwater received 103 votes and Respondent Younger received 91 votes. On counting the ballots, the presiding officer, J. E. Dazey, ruled that: "Snapp could not cumulate the vote; that the right to cumulate applied only to big corporations and did not apply to small corporations like the Findley Grain and Coal Company, and that the votes of Snapp should, therefore, only be counted as 73 votes," making a total of 85 votes only for Pogue, and Vennum, Fitzwater and Younger were therefore declared elected as directors and are now holding such positions. The circuit court of Shelby county held that Pogue was duly elected a director and ousted Respondent Younger, and appellant has brought the record to this court for review.

Some contention is raised in this case over section 7 of article 16 of the by-laws of the corporation, which

reads as follows:

"The shares of stock of said corporation may be transferred only on the books of the company, and they shall not be transferred upon the books of the company unless the consent of the directors be first given, and the directors shall not give their consent to one person owning more than eight shares; no person shall be allowed to vote as owner of stock more than eight shares, and no person shall be allowed to vote by proxy more than eight shares, and no person holding stock shall be allowed to vote the said stock unless the same has been duly transferred on the books of the company."

It is contended by appellant that under this provision Snapp was not entitled to cumulate the votes of the proxies or vote more than eight of said shares by proxy at the election in question. This question was not raised in the lower court and no objection was raised at the election to Snapp's voting the 69 proxy shares, one vote each for relator. In the opinion of this court section 7 of article 16 of the by-laws of the corporation is invalid.

Section 3 of article 11 of the Constitution of the State provides:

"The General Assembly shall provide, by law, that in all elections for directors or managers of incorporated companies, every stockholder shall have the right to vote, in person or by proxy, for the number of shares of stock owned by him, for as many persons as there are directors or managers to be elected, or to cumulate said shares, and give one candidate as many votes as the number of directors multiplied by the number of his shares of stock shall equal, or to distribute them on the same principle among as many candidates as he shall think fit; and such directors or managers shall not be elected in any other manner."

In pursuance of said constitutional provision the legislature has provided in chapter 32 the Act concerning the corporations:

"Section 49. At all meetings, stockholders may vote either in person or by proxy executed in writing

by the stockholder, or by a duly authorized attorney. No proxy shall be valid after eleven months from the date of its execution, except where the stock is pledged as a security for a debt to the person holding the proxy.

"Section 50. In all elections for directors every subscriber or stockholder shall have the right to vote in person or by proxy for the number of shares of stock owned by the holder for as many persons as there are directors to be elected, or to cumulate such shares and give one candidate as many votes as the number of directors multiplied by the number of shares of stock shall equal, or to distribute them on the same principle among as many candidates as the holder shall think fit." (Chapter 32, secs. 49, 50, Rev. St. 1923.) [Cahill's St. ch. 32, ¶¶ 49, 50.]

This provision of the constitution and the statutory provisions cited have been construed by the Supreme Court in *People v. Emmerson*, 302 Ill., at page 307, where the court [quoting from *Luthy v. Ream*, 270 Ill. 170] said:

" 'Our law contemplates that corporations shall be controlled by a majority of the stockholders acting through directors elected by them, in person or by proxy. * * * The power to vote for directors can be exercised only by stockholders in person or by proxy, and they cannot be deprived or deprive themselves of this power. Stockholders cannot evade the duty imposed upon them by law of using their power as stockholders for the welfare of the corporation and the general interest of its stockholders. A stockholder may refuse to exercise his right to vote and participate in stockholders' meetings, but he cannot deprive himself of the power to do so.' The court also said in that opinion (p. 181): 'The principle to be deduced from these cases is that the holders of the majority of the shares of stock in a corporation may control its management, and every person who becomes an owner of stock has a right to believe that the corporation will, and to insist that it shall, be managed by the majority; that the power to vote is inherently attached to and inseparable from the

real ownership of each share and can only be delegated by proxy, with power of revocation; that each stockholder must be free to cast his vote, whether by himself or by proxy, for the best interest of the corporation, and that each stockholder has the right to demand that every other stockholder, if he desires to do so, shall have the right to exercise at each annual meeting his own judgment as to the best interest of all the stockholders, untrammeled by dictation and unfettered by the obligation of any contract.' ''

Under these provisions and the construction given to them by the court, it must be held that the by-law of said corporation placing a restriction upon the number of shares to be voted by proxy is invalid and that the votes cast by Snapp were entitled to be cumulated and should have been counted 219 votes for relator Pogue.

Appellant further contends that under the law the election was required to be held by ballot and that relators have produced no ballots and have not produced the best evidence showing relator's election or accounted for the absence of such evidence. It is sufficient answer to this objection to point out that in quo warranto the respondent has the burden of showing that he, respondent, holds the office *de jure*. (*Place v. People,* 192 Ill. 162; *People v. Paynter,* 197 Ill. App. 83, and *Clark v. People,* 15 Ill. 213.) This, respondent has not done; on the contrary, it appears by the undisputed testimony that Relator Pogue received the highest number of votes cast for any of the persons voted for at said election.

Finding no error in the record, the judgment of the circuit court of Shelby county is affirmed.

*Affirmed.*