(No. 14974.—Judgment affirmed.)

THE PEOPLE ex rel. Isaiah Coffman, Appellant, vs. ENOS JACOBS et al. Appellees.

*Opinion filed June 17, 1924.*

1. SCHOOLS—*when plea to information is not bad for duplicity.* Where an information in *quo warranto* charges that a community high school district is not legally organized and is abnormal in size and that the election was not legal, a plea which sets up facts which must be proved to show that the district is legally organized and the election valid, and that the district is compact and contiguous and constitutes a single community, is not bad for duplicity, as all the allegations of the plea present a single defense to the information.

2. QUO WARRANTO—*plea to information must allege existence or performance of all conditions for justification of office.* A plea to an information in *quo warranto* must allege the existence or performance of all conditions precedent to defendant's right to exercise the privilege of office and must show that the right to hold the office continues.

3. SAME—*plea of justification may set up entire record.* While not always necessary, it is proper in a plea of justification to set up the whole record.

4. SAME—*one plea setting up good defense is sufficient.* Where the facts set up in one plea of justification to an information in *quo warranto* constitute a good defense it is not necessary to consider the sufficiency of another plea which was demurred to.

5. PLEADING—*plea is not necessarily bad for duplicity because it contains surplusage.* The fact that a plea contains surplusage does not necessarily make it subject to attack by demurrer on grounds of duplicity.

APPEAL from the Circuit Court of Ogle county; the Hon. HARRY EDWARDS, Judge, presiding.

JAMES L. MCDOWELL, State's Attorney, FRANK WERTZ, and H. A. BROOKS, for appellant.

D. D. MADDEN, and H. A. SMITH, (STEVENS & HERNDON, of counsel,) for appellees.

Per CURIAM: This appeal is from a judgment of the circuit court of Ogle county finding that Community High School District No. 217, in said county, is a valid existing high school district and that appellees are lawfully entitled to hold office as members of the board of education of said district.

The information filed charges that the district is not legally organized, that the election was not regularly conducted, that the district is abnormal in size, and that the school house is so situated that on account of bad roads children in parts of the district are unable to attend school regularly and go to and return from school with a reasonable degree of comfort and in a reasonable length of time. Four pleas were filed. Demurrers were sustained to the second and third and overruled as to the first and fourth. Appellant stood by his demurrers and judgment was entered against him.

The first plea is in the form of a special traverse. It avers that the district is seven miles wide and eight miles long. It sets up facts showing the organization of the district by petition and election in conformity with the requirements of the School law, the election and qualification of appellees as members of the board of education, their re-election at the expiration of their original term, the organization of the board, the selection and purchase of a site for the school house, and the issuance of $60,000 worth of bonds with the due approval of the voters; that the site selected adjoins the corporate limits of the village of Leaf River, is three and one-half miles from the east line, four and one-half miles from the west line and one and one-half miles from the south line of the district, and is on a public highway which is one of the main north and south thoroughfares through that part of Ogle county; that said road has been paved with macadam and gravel from a point one mile north of the south boundary of the district to the north boundary thereof and passes through the hamlets of Lights-

ville and Egan; that both east and west of this road there are two hard roads running north and south through the district; that there is a hard road running east and west through the district along the north side of the village of Leaf River which connects all of the five roads described; that there is a hard road running northwest from Lightsville, which is about a mile and a half north of the school site, to the west line of the district; that from a point about three miles north of the school site another hard road runs east to the east line of the district; that on the section line one mile south of the north boundary line is a hard road running east and west a distance of four miles and connecting the roads running north and south; that all of said roads are kept in good condition and can be traveled in any kind of conveyance at any time of year in any kind of weather; that there are no large streams, lakes, mountain ranges or other obstacles to travel in the district and that the roads in the district that are not paved are kept in good condition; that the center of population of the district is in section 36, in which the school site is located; that all of the high school pupils residing in the district reside upon one of the paved roads mentioned, or close enough thereto that they can with convenience and reasonable comfort travel from their respective residences to and from the school site before and after the usual school hours at any time of year and in any kind of weather. The plea then sets up sufficient facts to show that the district is a community for high school purposes, and alleges that a new school building has been erected on the site mentioned and that the accommodations afforded by the district are ample for the use and instruction of all high school pupils residing in the district, and that appellees were the duly qualified and acting board of education of the district at the time the General Assembly passed the validating act of May 10, 1921, and at the time the act took effect. The fourth plea was also in the form of a special traverse, and set up the

facts concerning the organization of the district, the election to office of appellees, the character of the territory in the district and the means of access to the school, substantially as in the first plea, and then alleged full knowledge at all times of all these facts and circumstances on the part of the relator and the public generally, and acquiescence of the public in the acts related, as constituting grounds for estoppel.

The demurrer is both general and special, setting up fourteen special causes for demurrer. In his brief and argument, however, appellant states that the only questions involved in this appeal are (1) whether the pleas are bad for duplicity; (2) whether the pleas allege a good defense; and (3) whether the pleas are bad because of immaterial and incompetent matter in each of them.

Appellant contends that the first plea is double, in that it sets up several separate and distinct grounds of justification, namely, (1) that the district was organized and appellees elected in strict conformity with the requirements of law; (2) that appellant is estopped to deny the validity of the organization of the district; (3) that the district is compact and contiguous; (4) that the curative act of May 10, 1921, cured all defects in the organization of the district and election of the board of education; and (5) that the district comprises one community. This plea sets up facts which must be proved to show that the district was legally organized, that appellees were duly elected, that they qualified and accepted their office by proceeding to establish a school, that they are still entitled to hold office, and that the territory is of such extent, character and location that it is compact and contiguous and embraces a single community. It does not set up facts constituting estoppel and does not attempt to justify on that ground.

A plea in *quo warranto* must allege the existence or performance of all conditions precedent to defendant's right to exercise the privilege of office, (*Clark* v. *People,* 15 Ill.

213; *Catlett* v. *People,* 151 id. 16;) and it must show that the right to hold the office continues. (*People* v. *Central Union Telephone Co.* 232 Ill. 260.) While not always necessary, it is proper in a plea of justification to set up the whole record. (*People* v. *Darst,* 285 Ill. 533.) Alleging that the district was composed of compact and contiguous territory and embraced but one community did not make the plea open to the objection of duplicity. The allegations constitute but one defense to the charge that the district is too large. Appellees do not plead the act of May 10, 1921, but do allege that they were the duly qualified and acting board of education at the time said act was passed and at the time it went into effect. But that allegation does not make the plea double. It is simply an ·allegation added to the others of the plea to show that appellees are legally acting as members of the board of education and that the district is valid. All allegations of the plea present a single defense. "It is important to remember that several distinct facts or allegations, however numerous, may be comprised in the same plea without amounting to the fault of duplicity, if one fact, or some of the facts, be but dependent upon or be mere inducement or introduction to the others, or if the different facts form together but one connected proposition or entire matter or point." (1 Chitty's Pleading, *227.) The first plea is not bad for duplicity. There is surplusage in the first plea, but that does not make it subject to attack by demurrer. (*Burnap* v. *Wight,* 14 Ill. 301; *Higgins* v. *Halligan,* 46 id. 173; *Hopkins* v. *Medley,* 97 id. 402.) No motion was made· to strike the unnecessary language.

The first plea sets up facts constituting a good defense. It is therefore unnecessary to consider the fourth plea. *People* v. *Ricker,* 142 Ill. 650; *People* v. *Opera House Co.* 249 id. 106.

The judgment is affirmed.          *Judgment affirmed.*