(No. 32441.—

THE PEOPLE *ex rel.* Edward R. Phelps, State's Attorney, Appellee, *vs.* KARL H. KERSTEIN, Appellant.

*Opinion filed November 20, 1952.*

S. S. DuHamel, and Roy M. Rhodes, both of Springfield, for appellant.

Edward R. Phelps, State's Attorney, of Carlinville, for appellee.

Mr. Justice Fulton delivered the opinion of the court:

The State's Attorney of Macoupin County filed a complaint in *quo warranto* against the appellant, Karl H. Kerstein, in the circuit court of that county, charging that Kerstein was holding the office of county superintendent of schools without lawful right or authority and that appellant, since October 23, 1951, had usurped said office. Appellant filed an amended answer containing two counts, the first of which was in the nature of a plea of justification and the second a plea of estoppel and *laches*. The State's Attorney filed a motion to strike paragraphs 2, 5, 6

and 7 of count I of the answer, relating to the supervisory certificate alleged to be held by appellant. He also filed a motion to strike all of count II. The trial court sustained the motions and entered a judgment of ouster against the appellant, from which judgment an appeal has been taken directly to this court.

The facts alleged in the answer, which are to be taken as true for purposes of this appeal, show that appellant is a citizen of the United States of America and a resident and legal voter of Macoupin County; that he has been such resident for at least fifteen years last past. It further appears that appellant was county superintendent of schools of Macoupin County from August of 1935 to August of 1943; that he taught in Du Page County for one year thereafter and that from July 1, 1944, to the end of the school term in 1951, the appellant was principal of the grade school in the village of Scottsville in Macoupin County. The appellant is a man of good character. It further appears that the appellant was duly nominated for the office of county superintendent of schools of Macoupin County at a regular party primary election held in that county on April 11, 1950. At the regular election held in the county on November 7, 1950, appellant received the highest number of votes cast for the office; the results of the election were properly canvassed by the canvassing board and the appellant thereafter received a certificate of election. Later, at the proper times, appellant took the oath of office and filed his bond. When he sought to assume the office on the first Monday of August, 1951, he was prevented from so doing by injunction issued out of the circuit court of Macoupin County. The judgment of the circuit court of Macoupin County, on which the injunction was based, was later reversed by the Appellate Court for the Third District. The injunction was dissolved on October 22, 1951, and on October 23, 1951, appellant entered upon the duties of the office which he has occupied con-

tinuously since that date. The complaint in *quo warranto* was filed by the State's Attorney on December 26, 1951.

Appellant by his answer seeks to justify his holding of the office to which he was elected. When a complaint in *quo warranto* is filed against the holder of a public office, he is required either to disclaim or to justify, and if he elects to justify he must plead fully and completely the facts which show his lawful authority to exercise the duties and prerogatives of the office. (*People ex rel. Williams* v. *Board of Education,* 350 Ill. 597; *People ex rel. Odell* v. *Flaningam,* 347 Ill. 328; *People ex rel. Ray* v. *Lewistown Community High School District,* 388 Ill. 78.) The right to call upon a person by *quo warranto* to justify his acts is an incident of sovereignty. No burden of proof or of pleading rests upon the plaintiff. The burden is at all times upon the defendant. The question before us is whether appellant by his answer has alleged facts sufficient to show that he is legally qualified to hold the office and particularly whether his allegations as to his possession of a valid State supervisory teacher's certificate are legally adequate.

The statute in effect at the time of appellant's nomination and election provided that no one should be eligible to file his petition at any primary election for the nomination as candidate for the office of county superintendent of schools or to enter upon the duties of such office who did not hold a valid State limited supervisory certificate or a valid State life supervisory certificate. (Ill. Rev. Stat. 1949, chap. 122, par. 3-1.) Appellant alleges that he has a valid State limited supervisory certificate. A copy of the certificate is attached to his answer. The certificate is in the usual form, shows that it was issued by the State Examining Board for teachers' certificates, bears the date March 25, 1935, and states that it is valid for teaching and supervising in the public schools for a period of four years subject to annual registration by the county superintendent of schools in the county in which the holder is

engaged to teach or supervise. The back of the certificate shows endorsements of renewal under date of July 1, 1938, and July 1, 1942, by appellant himself as county superintendent. It also shows endorsements of renewal under dates of July 1, 1946, and July 1, 1950, by C. A. Whiteside, county superintendent of Greene County. The certificate also bears endorsements of annual registration for the years of 1935 through 1942 by appellant as county superintendent of Macoupin County; for the year 1943 by the county superintendent of Du Page County; for the years 1944 through 1950 by C. A. Whiteside, county superintendent of Greene County, and for the year 1951 two endorsements of registration, one on July 12, 1951, by C. A. Whiteside, county superintendent of Greene County, and one on November 5, 1951, by appellant as county superintendent of Macoupin County.

At the time the State limited supervisory certificate was issued to appellant in 1935, the act concerning the certification of teachers then in force provided for two grades or classifications of supervisory certificates—life certificates and limited certificates. (Smith-Hurd Stat. 1935, chap. 122, pars. 482 and 486.) A life certificate was issued for an unlimited time upon completion of certain educational requirements, the attainment of certain experience, the passing of an examination and the completion of a thesis, all as prescribed by statute. A limited certificate, on the other hand, was issued for four years, renewable as hereinafter set forth. (Smith-Hurd. Stat. 1935, chap. 122, pars. 486 through 489.) Section 6 of the act concerning certification provided that a limited supervisory certificate could be obtained either on the basis of applicant's having completed 120 semester hours of work in a recognized institution of higher learning coupled with four years of successful teaching experience or on the basis of examination after the completion of only sixty semester hours of work in such educational institution. The statute provided that when

such certificate was obtained on the basis of examination it could be renewed only twice, the first time upon certified evidence that the applicant had completed a total of ninety semester hours and a second time upon like evidence that applicant had completed the requirements for a bachelor degree with a minimum of 120 semester hours. Thereafter such limited supervisory certificate was renewable for periods of four years upon successful teaching experience and professional growth in the same manner as those originally issued on the basis of four years' experience coupled with 120 semester hours of work. (Smith-Hurd Stat. 1935, chap. 122, par. 486.) Section 9 of the act in force at the time provided that the holder of a limited certificate must register the same each year with the county superintendent in whose county the holder was to teach and that such certificate should be renewable at its expiration or within ninety days thereafter at the option of the county superintendent in whose county the holder was teaching and on certified evidence filed with the State Examining Board that the holder had completed all of the requirements for renewal set forth in section 6. Smith-Hurd Stat. 1935, chap. 122, par. 489.

Thus a limited supervisory certificate such as that issued to the appellant in the year 1935 could be a certificate renewable at the end of four years merely upon a showing of successful teaching experience and professional growth or it could be a certificate renewable only upon filing with the State Examining Board of certified evidence of the completion of further educational requirements. Here, one cannot tell from an examination of the certificate and its endorsements whether or not it is a valid certificate. The first two endorsements of renewal were placed on the certificate by the appellant himself. His answer set forth no facts showing that at those times the certificate was properly subject to renewal. The fact does appear that it is a limited certificate renewable, if obtained through examina-

tion in the first instance, only by the filing with the State Board of certified evidence of the completion of additional semester hours in an institution of higher learning. It was incumbent upon the appellant in demonstrating the validity of the certificate to show that it had been properly renewed and was at the times in question the proper subject of renewal. This he could do only by alleging the completion of further educational work after its issuance or by demonstrating that it was issued under such circumstances that evidence of further educational attainments was unnecessary.

This court has repeatedly held that where respondent's right to a public office is challenged and he seeks to justify his right and title, all of the facts establishing a valid title to the office must be shown, including the meeting of all conditions precedent to the holding of the office. (*Clark v. People ex rel. Crane,* 15 Ill. 213; *Catlett v. People ex rel. State's Attorney,* 151 Ill. 16; *People ex rel Coffman v. Jacobs,* 312 Ill. 581; *People ex rel. Johnson v. Anderson,* 325 Ill. 464; *People v. Flaningam,* 347 Ill. 328; *Greening ex rel. Rowe v. Barnes,* 355 Ill. 99.) One of the conditions precedent to appellant's holding of the office of county superintendent of schools of Macoupin County was that he possess a valid supervisory certificate at the time of filing his petition for nomination and at the time of assuming office. That he had a limited certificate appears, but its validity cannot be determined, either from the certificate itself or from the allegations in appellant's answer. He alleges that said certificate was properly renewed in accordance with the statutes, but this allegation is only by way of conclusion and pleads no facts necessary to determine the soundness of appellant's view.

It should also be noted that it affirmatively appears that endorsements of renewal and registration on this certificate from 1944 through 1951 were made by the county superintendent of Greene County, a county in which it appears

appellant did not teach or supervise during the period in question. During the entire period of time from 1944 to the end of the school term of 1951, appellant was principal of an elementary school in Macoupin County. As already observed, the statutes in effect provided that the certificate be registered with the county superintendent of the county in which appellant was to teach. This continued to be the law throughout the entire time in question and is the law today. (Ill. Rev. Stat. 1951, chap. 122, pars. 21-13 through 21-15.) The purpose of requiring registration of the certificate with the county superintendent of the county in which the individual is actively engaged in the pursuit of his profession is evident. That superintendent is the one charged by law with the general supervision of the teachers and schools in his county. Only by having all those teaching or supervising in his county properly registered with his office is he able to perform the manifold duties required of him in connection with schools and teachers. See Ill. Rev. Stat. 1951, chap. 122, pars. 3-28 through 3-50.

Appellant by his answer challenges the constitutionality of that section of the statute which provides that limited certificates may be renewed at their expiration or within a certain time thereafter at the option of the county superintendent in whose county the holder is teaching and on certified evidence filed with the State Examining Board that the holder has completed all requirements for renewal. The objection is that the county superintendent is given arbitrary and unlimited power and that the entire section delegates legislative power to administrative officers. We believe this contention is without merit. A reading of the entire act as it existed from 1935 to the time of appellant's election shows that the State Examining Board (of which the State Superintendent of Public Instruction was chairman) and the county superintendent were jointly charged with the issuance and supervision of limited teaching and supervisory certificates. The State board and the Super-

intendent each had certain duties in connection with the giving of examinations for such certificates in the first instance; each also had certain duties in connection with applications for renewal. We do not construe the statute in question to mean that a county superintendent could arbitrarily refuse to join in a renewal where certified evidence of the meeting of additional educational requirements was properly filed with the State Board.

Nor is the section in question an illegal delegation of legislative power. In *People* v. *Flaningam,* 347 Ill. 328, at page 333, we said: "The legislature cannot deal with the details of every particular case, and the method or manner of executing a law must necessarily be left to the reasonable discretion of administrative officers. The power conferred upon the Superintendent of Public Instruction and the State Board of Examiners is an administrative and not a legislative power. (*Board of Education* v. *Board of Education,* 314 Ill. 83.) It is not a delegation of arbitrary legislative or judicial power for the General Assembly to authorize the State examining board and the Superintendent of Public Instruction to determine whether a person is of good moral character before granting him a State certificate. *People* v. *Stokes,* 281 Ill. 159; *Klafter* v. *Examiners of Architects,* 259 id. 15." What was said in that case applies equally well to the particular section of the statute now before us and to the joint duties imposed by it upon the State Board and county superintendent. The power conferred by the statute upon the board and superintendent are administrative and not legislative. Requirements for the renewal of limited certificates are clearly set forth in the statute. The board and superintendent are required only to exercise a reasonable amount of discretion in connection with the administration of the law.

Appellant's final contention is that the action is barred by *laches* and that the People are estopped by the conduct of the State's Attorney as their representative from filing

the suit. In this connection appellant points out that though he qualified for office on July 31, 1951, complaint in *quo warranto* was not filed by the State's Attorney until December 26, 1951. Appellant alleges that appellee sat supinely by and took no legal action to question his right to the office though he sought the nomination early in 1950 and has exercised the duties in connection with the office since October 23, 1951. It is generally held to be the law in all jurisdictions that the defenses of *laches* and estoppel are not available where an information or complaint in *quo warranto* is filed by the proper legal officer of the People and the public interest is involved. This principle is well settled by the decisions of this court. (*People ex rel. Slusser* v. *Gary,* 196 Ill. 310; *People ex rel. Parker* v. *Burns,* 212 Ill. 227; *People ex rel. Cullen* v. *Anderson,* 239 Ill. 266; *People ex rel. Meishner* v. *Keigwin,* 256 Ill. 264; *People ex rel. Shriver* v. *Frazier,* 386 Ill. 620.) The public certainly has a very real interest where the operation of the public schools and the qualifications of those who teach and supervise in them are in question. The action now before us was brought by the State's Attorney on behalf of the People in a matter in which the public interest was involved. There is no evidence that the complaint was filed in the interest of any private individual or to serve any private purpose whatever. We hold, therefore, that that part of the appellant's answer which sets up the defense of *laches* and estoppel was properly stricken upon motion.

We conclude, therefore, that the order of the circuit court of Macoupin County sustaining the motion to strike appellant's answer was correct and that the judgment of ouster was properly entered. The judgment of the circuit court of Macoupin County will, therefore, be affirmed.

*Judgment affirmed.*