(No. 35666.—

THE PEOPLE *ex rel.* Thomas J. Moran, Appellant, *vs.* MATHEW F. TEOLIS *et al.,* Appellees.

*Opinion filed September 29, 1960.*

Bruno W. Stanczak, State's Attorney, of Waukegan, and Harold P. Block, Special Assistant State's Attorney, of Mundelein, for appellant.

Frank M. Opeka, of Chicago, for appellees.

Mr. Justice Hershey delivered the opinion of the court:

On August 31, 1957, a petition to incorporate a village to be known as the village of Vernon Hills, in Lake County, Illinois, was filed with the county clerk of that county. The county judge found that the petition met the requirements

of the statute and called an election for September 24, 1957. Prior to the election, 64 persons, not residents of the area, sought to intervene in the cause. Their intervention was refused and an appeal was taken to the Appellate Court, and on motion the election was stayed pending the appeal. The appeal was dismissed and petition for leave to appeal was denied by this court.

An election on the issue of incorporation of the area was then called and held on July 15, 1958, resulting in a vote favoring incorporation. On August 5, 1958, pursuant to the order of the county court, the defendants herein were elected as officers of the village, and thereafter qualified and acted as such officers.

On November 26, 1958, the State's Attorney of Lake County filed a complaint in *quo warranto*, alleging that the defendants purport to hold and execute, unlawfully, the pretended offices and corporate name of president, board of trustees and village clerk of the pretended village of Vernon Hills, and without lawful grant or charter to be a body politic and corporate by the name of "Village of Vernon Hills," and to exercise the powers granted by the Revised Cities and Villages Act. The complaint prayed that the defendants be required to show by what warrant and authority they assume to hold, use and execute said offices and assume such corporate name, and, upon failure to so justify, that they be ousted.

Defendants answered and pleaded justification by virtue of the petition, election of incorporation, and their election as officers pursuant to the orders of the county court of Lake County.

Plaintiff sought to add additional defendants, but the motion was denied. On hearing the defendants presented testimony of the qualifications of the electors who signed the petition and proved the various documents and orders of the courts relative to the incorporation of the village and the election of the defendants.

It additionally appeared from the evidence that the area known as "Vernon Hills" was in great part subdivided by L. and H. Builders, Inc., and it built several of the homes. Many of the homes were occupied by employees, subcontractors and relatives of the personnel of L. and H. Builders, Inc. and their associates. The petition for incorporation was circulated for signing and subscribed to by Mathew Teolis, a director and agent of L. & H. Builders, Inc. The petition was filed by Frank M. Opeka, the attorney for L. & H. Builders, Inc.

After hearing, an order was entered by the circuit court of Lake County finding that the village was legally created and existing, that the defendants were lawfully elected as officers of the village, and that the plaintiff take nothing by the suit. From this order the plaintiff appeals to this court, a franchise being involved.

Plaintiff asserts, and defendants agree that the burden was upon the defendants to show by what warrant and authority they hold, use and exercise their various respective offices, and assume the corporate name of "Village of Vernon Hills." (*People ex rel. Phelps* v. *Kerstein,* 413 Ill. 333.) Plaintiff contends the defendants failed to meet this burden, while defendants claim that they have done so. A plea of justification to an action in *quo warranto* must allege the existence and performance of all of the conditions precedent to the defendants' right to exercise the privilege of office. (*Greening ex rel. Rowe* v. *Barnes,* 355 Ill. 99.) In establishing a municipal corporation the county court derives its jurisdiction from the statute alone. No presumption arises to support its action in any particular. The conditions of the statute authorizing the creation of the municipal corporation must be complied with in the manner prescribed by statute, else the court is without jurisdiction, and the defendants are not justified in holding their offices. (*People ex rel. Goldsbery* v. *Zoller,* 337 Ill. 362.) All the facts establishing a valid title to the

office must be shown, including the meeting of the conditions precedent to the holding of the office. *People ex rel. Phelps* v. *Kerstein,* 413 Ill. 333.

Section 3—5 of the Revised Cities and Villages Act in 1957 provided: "Whenever any area of contiguous territory, not exceeding two square miles, and not already included within the corporate limits of any municipality, and no part of which territory lies within one mile of the boundary line of any existing municipality unless the corporate authorities of such existing municipality consent to such incorporation, and has residing thereon at least 100 inhabitants living in immobile dwellings, it may be incorporated as a village as follows: Thirty-five electors residing within the area may file with the county clerk of the county in which such area is situated a petition addressed to the judge of the county court. The petition shall set forth (1) a definite description of the lands intended to be embraced in the proposed village, (2) the number of inhabitants residing therein, (3) the name of the proposed village, and (4) a prayer that a question be submitted to the electors residing within the limits of the proposed village whether they will incorporate as a village under this Act." Ill. Rev. Stat. 1957, chap. 24, par. 3—5.

Section 3—6 of the same act provides that upon the filing of such a petition with the county clerk, the county judge shall fix the time and place of the election, appoint judges to hold the election, and give notice thereof by publication at least once in a newspaper published or circulated in the area, not more than 30 days nor less than 15 days before such election. It is further provided by section 3—7 that upon approval of the incorporation pursuant to the election, the county judge shall (1) call an election to elect village officers, (2) fix the time and place thereof, and (3) otherwise perform, as nearly as he can, the requirements for the election of officers of a newly organized city. Section 2—6 provides that upon incorporation of a city, the elec-

tion of officers shall be held within 60 days from the date the village voted to incorporate and proper notice shall be given.

The evidence offered by defendants shows that the village of Vernon Hills was not more than two square miles in area, that it was a compact area, no part of which was within one mile of another municipality; that on August 31, 1957, there were over one hundred inhabitants of the area living in immobile dwellings; and on August 31, 1957, a petition for incorporation of the said village was filed with the county clerk of Lake County, signed by at least 38 persons who claim to have resided in the area 30 days, in the county 90 days, and in the State at least one year. The testimony offered by defendants shows them to be qualified, registered voters of the area. The petition correctly described the land embraced in the proposed village, set forth that 117 persons inhabited the area, proposed the name of "Village of Vernon Hills" and prayed that the question of incorporation be submitted at an election.

Plaintiff asserts that the petition for incorporation of the area as a village was not properly filed inasmuch as the statute requires that "Thirty-five electors residing within the area may file" the petition with the county clerk, and the evidence shows that it was in fact filed by Frank M. Opeka, an attorney who was paid by L. & H. Builders, Inc. The evidence offered by defendants indicates that at least 35 persons signed the petition, and that they meet the requirements of "electors." Ill. Rev. Stat. 1957, chap. 24, par 1—2; and chap. 46, par. 3—1.

To accept plaintiff's argument in this respect to its ultimate application would require that each elector who signed the petition must appear and physically file the petition with the clerk. Obviously an agent or attorney may perform this act. To so find does not constitute construction of the statute nor embody in the statute any provision not placed therein by the legislature.

The motives of the organizers of a municipal corporation in so organizing, are not germane to a *quo warranto* proceeding or a judicial review thereof. (*People ex rel. Honefenger* v. *Burris,* 408 Ill. 68.) A *quo warranto* action tests only the warrant and authority by which certain persons hold office in the municipal corporation. The trial court relied upon this determination in holding that it could not inquire into the motives of the persons who prepared and filed the petition in this case.

The plaintiff by argument has misunderstood or warped the holding of the trial court so as to insist that the court erred in holding that it could not consider matters of public policy. Plaintiff asserts that the legislative enactments relating to the organization of a municipality are declarations of public policy, and restrict the filing of a petition for incorporation to electors, that the legislative intent and public policy require that some electors shall have resided in the area more than 30 days, that as a matter of public policy the courts refuse to assist parties who have participated in a transaction forbidden by statute from asserting rights growing out of it; that the State is concerned with the irregularity of the proceeding in this cause and the resultant factual situation which plaintiffs claim to be contrary to public policy, public welfare and the basic concepts of our form of government.

Plaintiff asserts that all of the land in the village of Vernon Hills, except one residence, is owned by L. & H. Builders, Inc., and the greater part of the residents of the area are employees, subcontractors or relatives of the corporation personnel or its owners. From this they argue that the village will be a creature subject to the will of the building corporation, that the corporation through the village could control much of the surrounding area for its private purposes, contrary to the public policy of the State, the public welfare and our concepts of government. If this was in fact the situation—that any private person or cor-

poration could control a municipality for its own private purpose—the assertions and fears of plaintiff would be well grounded. No evidence of the existence of such control and private encroachment upon the public realm is shown in this record. Plaintiff's assertions are pure speculation and are not borne out by an examination of the record. Mere ownership of all realty by one corporation, or an association of the majority of the residents with that corporation does not, of itself, void the incorporation of the municipality, evidence an improper or illegal exercise of municipal government powers, or bear upon the issues presented in this *quo warranto* proceedings.

Plaintiff urges that pursuant to legislative authorization, the county board of Lake County enacted a building ordinance, requiring that a certificate of completion must be secured, pursuant to inspection, from the building officer of the county before the building may be permanently occupied, and that no such certificate has been secured for any of the 20 homes built by L. & H. Builders and occupied by the alleged residents of the area. From this they argue that the petitioners and residents have violated the law and the court cannot permit them to assert their residency for purposes of incorporation, as the courts will not assist parties, who participate in a forbidden transaction, to assert rights arising therefrom. The cases relied upon by plaintiff are those involving penal statutes requiring a foreign corporation to be licensed before it could sue upon contracts entered into within this State, contracts against good morals, and fraudulent representations. The ordinance here in question is for the purpose of promoting and safeguarding public health, safety, comfort, and welfare and cannot vary the *fact* of residency. Residence for natural persons does or does not exist, whether the person has violated a statute or not. The residence here in issue does not arise from a forbidden transaction. The residence exists whether the certificates were issued or not.

Plaintiff asserts that the public policy of the State and the legislative intent require that some electors shall have resided in the area for more than thirty days, since section 9—87 of the Revised Cities and Villages Act, (Ill. Rev. Stat. 1957, chap. 24, par. 9—87,) requires that no person should be eligible to any municipal office unless he is a qualified elector and has resided in the area at least one year next preceding his election or appointment. The statutes do call for an election of officers within 60 days from the date the village votes to incorporate. This very statute differentiates between "electors" and those persons who may qualify for municipal office. Our statutes define an "elector" as one who has resided in the State for one year, in the county for 90 days and in the area or precinct for 30 days, provided he is 21 years of age and an American citizen. The election for incorporation was held on July 15, 1958. Within 60 days, on August 5, 1958, the officers were elected pursuant to proper call and notices. By that time the officers had resided in the area more than one year.

The petition filed with the county court of Lake County contained 41 signatures. It was admitted that the signatures of William Harrett and William Harrett, Jr., were one and the same person. It was admitted that Michael Klein and Hilma Klein were not electors. There is no evidence in the record showing Joe Sorensen to be a qualified elector, and the trial court disqualified George Schwarz as an elector. Eliminating these signatures, 36 signatures remained on the petition and were found by the trial court to be qualified electors of the area. Plaintiff contends, on this appeal, only that defendants failed to maintain their burden of proving that Anthony and Dolores Herchenbach and Jack and Katherine Ahrens were qualified electors.

Plaintiff contends that the Herchenbachs did not live in the area for 30 days before August 31, 1957, the date of the filing of the petition for incorporation. Dolores Herchenbach testified that she became a resident of Vernon

Hills on July 28, 1957, when she, her husband and one child moved there. The plaintiff offered evidence that the Herchenbach's second child was born on August 3, 1957, and a certified copy of its birth certificate stated that the mother's usual residence was 120 School Street, Liberty-ville, Lake County, Illinois. Mrs. Herchenbach testified that she signed the birth certificate, but she did not know whether she read it before she signed it, and that she was then in the hospital under medication. The testimony of Joe Sorensen supports the testimony of Mrs. Herchenbach that she lived in Vernon Hills when the child was born.

Plaintiff relies upon section 20 of the act providing for the registration of births, stillbirths, and deaths (Ill. Rev. Stat. 1955, chap. 111½, par. 55) which provides that a certification of the record of a birth, properly certified by the county clerk, shall be *prima facie* evidence in all courts and places of the facts therein stated. The same paragraph further provides, however, that a certification of birth may contain only the name, sex, date of birth and place of birth and none of the other data on the certificate of birth. The certified record of the birth of the Herchenbach child, was thus only evidence in the trial court of the name, sex, date and place of birth of the child—and was not *prima facie* evidence of its mother's usual place of residence. More-over, the mother, by her testimony stated that in fact she resided in Vernon Hills on August 3, 1957. Defendants offered nothing to substantiate the statements in the cer-tificate as correct.

Defendants met their burden by offering proof that the Herchenbachs resided in Vernon Hills from July 28, 1957, on. This testimony is substantiated. The trial judge heard and saw the witnesses, and could best judge where the weight of evidence lay. The plaintiff offered nothing to sup-port the residence stated in the certificate or to show who prepared the certificate for Dolores Herchenbach's signature.

The evidence supports the claim that the Herchenbachs

resided in Vernon Hills for 30 days before the signing of the petition.

Plaintiff also challenges Mr. and Mrs. Jack Ahrens's qualifications as electors on August 31, 1957. Jack Ahrens testified for defendants that he and his wife had resided in Illinois and Lake County 33 and 18 years respectively, and that they and their two sons moved to Vernon Hills on August 1, 1957. They moved back to their house at 66 West Shore Drive, in Mundelein, Illinois, on February 16, 1958. The Ahrenses, as well as the other signers of the petition for incorporation, asserted that they resided in the Vernon Hills area. It is undisputed that the Ahrenses moved into Vernon Hills on August 1, 1957.

A real and not an imaginary abode occupied as a home or dwelling is essential to satisfy the residential qualifications for voting prescribed by law. The question of residence is largely one of intention, although the voter's testimony of his intent is not necessarily controlling. (*Coffey v. Board of Election Commissioners,* 375 Ill. 385.) The Ahrenses moved to Vernon Hills on August 1, 1957, and occupied a home there. Plaintiff offers nothing to show that the residence of the Ahrenses was not in Vernon Hills— although they lay great stress on the fact that the Ahrenses paid no rent and subsequently returned to their house in Mundelein.

The trial court held that the Ahrenses were qualified electors and we find nothing to require our reversal of that finding. No other signatures being challenged, we find that there were sufficient qualified electors who signed the petition for incorporation.

Plaintiff finally complains that the trial court erred when it denied their motions for leave to amend their complaint by adding supplemental counts joining L. and H. Builders, Inc., a corporation, Barney Loeb and Quinn Hogan, individually and as officers and agents of L. and H. Builders, Inc., and all of the signers of the petition as

defendants and interested parties. These persons and corporation are not officers of the village of Vernon Hills. No judgment in *quo warranto* could be entered against these persons as defendants.

This is an action in *quo warranto,* and it is provided by section 3 of the Quo Warranto Act that no matters not germane to the distinctive purpose of the *quo warranto* proceeding shall be introduced by joinder, counterclaim or otherwise. (Ill. Rev. Stat. 1957, chap. 112, par. 11.) The motions do not show that the amendatory counts were germane to the *quo warranto* proceeding of the complaint. The motions for leave to amend were therefore correctly denied.

The defendants have sustained their burden of proving their rights to the various offices and their use of the corporate name of "Village of Vernon Hills." We find no error as urged by plaintiff on this appeal. The judgment of the circuit court of Lake County is, therefore, affirmed.

*Judgment affirmed.*